## The Bank of the United States, Appellants v. Jacob White, David Cummins, and Robert Bennefil.

266

Mr Sergeant, also, for the appellants,

Mr Hammond, for the appellees.

268

Mr Justice Story delivered the opinion of the Court.

After stating the case, he proceeded:

Several objections have been taken by the appellants to the decree. In the first place, it is said that all the parties to the original decree are not made parties to the bill of review. How this matter is, does not distinctly appear, as the proceedings on the original bill, though made a part of the bill of review, are not, as they ought to have been, spread upon the present record. The principle is unquestionable, that all the parties to the original decree ought to join in the bill of review; but, for aught that appears, no decree was ever had against the other defendants. If this constituted the turning point of the cause, we should deem it necessary to award a certiorari, as there is reason, from the answer, to doubt if any decree was had against the other defendants, not made parties to the bill of review.

In the next place, it is objected, that, after an appearance and demurrer overruled, it is not necessary to serve the party defendant with a copy of the decree, taking the bill pro confesso, for want of an answer. The answer to the bill of review having expressly denied any error and irregularity in the decree, and not having admitted that the service of any such

copy is necessary, that matter was directly put in controversy; and the cause having been set down for a hearing upon the bill and answer, without a replication, it is difficult to perceive how this court can take judicial notice of what the practice of the circuit court is upon this subject, when that practice is the very hinge of the controversy. But it is not, in our opinion, necessary to enter upon this point; because, we are of opinion that the decree is perfectly regular without the service of any copy, according to the rules prescribed by this court, in equity causes, to the circuit courts; and no practice of the circuit court, inconsistent with those rules, can be admissible to control them. The twentieth of the rules, made by this court at February term 1822, in equity causes, is as follows. "If a plea or demurrer be overruled, no other plea or demurrer shall be thereafter received; and the defendant shall proceed to answer the plaintiff's bill; and if he fail to do so within two calendar months, the same, or so much thereof as was covered by the plea or demurrer, may be taken for confessed, and the matter thereof be decreed accordingly."

By the terms of this bill, no service of any copy of an interlocutory decree, taking the bill pro confesso, is necessary, before the final decree; and, therefore, it cannot be insisted on as a matter of right; or furnish a proper ground for a bill of review. If the circuit court should, as matter of favour and discretion, enlarge the time for an answer, or require the service of a copy before the final decree; that may furnish a ground why that court should not proceed to a final decree, until such order was complied with. But any omission to comply with it, would be a mere irregularity in its practice; and if the court should afterwards proceed to make a final decree without a compliance with it, it would not be error for which a bill of review lies; but it would be to be redressed, if at all, by an order to set aside the decree for irregularity, while the court retains possession and power over the decree and the cause.

In the present case the circuit court did proceed to make a final decree, after taking the bill pro confesso. There is no error on the face of that decree. It conforms to the requisitions of the rules of this court; and we are, therefore, of opinion, that it is not liable to reversal upon the present bill of review.

The decree of the circuit court is reversed, and the cause remanded to that court, with directions to dismiss the bill of review.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Ohio, and was argued by counsel ; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said circuit court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said circuit court, with directions to to dismiss the bill of review in this cause.