33 U.S. 262
 8 Pet. 262
 8 L.Ed. 938
 THE BANK OF THE UNITED STATES, APPELLANTS
v.
JACOB WHITE, DAVID CUMMINS, AND ROBERT BENNEFIL.
 January Term, 1834
 
 APPEAL from the circuit court of the United States for the district of Ohio.
 The case, as stated by Mr Justice STORY, was as follows.
 
 
 1
 The Bank of the United States, in 1826, brought a bill in equity against the appellees, and Hugh Glenn, James Glenn and Thomas Graham. The object of the bill was to set aside certain conveyances of real estate, made by the appellee, White, to the other appellees, Cummins and Bennefil, upon which estates the bank, as judgment creditors of White, the Glenns and Graham, had levied executions to satisfy those judgments. The bill charged the conveyances to be fraudulent.
 
 
 2
 The appellees appealed, and filed a demurrer to the bill; and at the July term of the court in 1828, the demurrer was overruled, and the cause remanded to the rules, and a rule taken for an answer in sixty days. At the September rules 1828, an entry 'decree pro confesso' was minuted in the rule book; and thereupon the cause was continued from term to term until July 1830, when a final decree was entered, as follows: 'it appearing to the court, that the defendants in this cause are in default for answer, it is ordered, adjudged and decreed, that the matters set forth in the complainants' bill, be taken as confessed and true; and the court therefore order and decree, that the several deeds set forth in the complainants' bill, as having been made by the said Jacob White, without any valuable consideration, and with a view to delay and hinder the complainants in the collection of their debts set forth in the bill, are void; and that the same are therefore fraudulent as to the complainants. It is therefore ordered, adjudged and decreed, that the several tracts of land, in said several deeds described, are liable to be sold for the satisfaction of the said several judgments, held by the said complainants against said Jacob White and others, mentioned and set forth in the complainants' bill. And it is further ordered, that so far as said deeds may interfere with the complainants in their collection of their said judgments, the same are hereby declared void; and the said defendants are perpetually enjoined from setting up or asserting title under the said deeds, as against the complainants, or any persons who may claim as purchasers at sales made on execution under any or either of the said judgments, held by the complainants; and it is further ordered, that the said complainants recover of the said defendants their costs in this behalf expended.'
 
 
 3
 In July 1830, the appellees filed the present bill of review, for the purpose of reversing the foregoing decree; and the charging in the bill is, that the decree was irregularly and illegally made and entered as a final decree; when, according to law, and the rules of the circuit court, the same ought only to have been entered as an interlocutory decree, and a copy thereof served upon the appellees before the same became final. The appellants filed an answer, admitting the proceedings and decree to have been as stated in the bill of review. But the answer avers, that at the time when the demurrer was overruled, the solicitor for the appellees gave the court and the solicitors for the appellants notice, that the appellees, then defendants in the cause, do not wish to file any answer to the said bill. And the answer expressly denies, that any error or irregularity exists in said decree; or that the same was erroneously entered; or that the decree ought to have been interlocutory: and it does not admit that a copy ought to have been served upon the appellees previous to rendering a final decision thereon, after they had appeared and demurred to the said bill.
 
 
 4
 The cause was set down for a hearing upon the bill of review and answer; and at the hearing, the circuit court reversed the original decree, for the reasons stated in the bill of review.
 
 
 5
 The Bank of the United States appealed from this decree of reversal.
 
 
 6
 A printed argument was delivered to the court, in which Mr Fox and Mr Caswell, for the appellants, contended, that the decree, reversing the original decree, was erroneous.
 
 
 7
 1st. Because all the parties interested in the original decree were not parties to the bill of review.
 
 
 8
 2d. Because after defendants in a chancery cause have appeared and demurred to a bill, it is not necessary to serve them with copies of any decree made in the subsequent progress of the cause.
 
 
 9
 3d. That even admitting the necessity of the service of such a decree in ordinary cases; in the present case, the pleadings show a waiver of a compliance with the rule, the answer not being replied to.
 
 
 10
 The appellants contend that a decree on a bill of review is one from which an appeal can be taken. 10 Wheaton 146, 6 Cond. Rep. 44. It is a final determination of the suit; and in case the party plaintiff succeeds, he gains the right of litigating again a matter once decided. It is precisely like a writ of error in its effects. The decree made on a bill of review, is the subject of a new bill of review. Cooper's Equity 92; 2 Cha. Prac. 633; Mitford's Pleading 79, 80; 1 Vernon 417.
 
 
 11
 And it makes no difference in this respect whether the original decree was reversed or sustained, on the proceeding to review.
 
 
 12
 If a decree reversing a former decree is the subject matter for a new bill of review, it follows as a matter of course, that the decree is final; because none but a final decree can be either reviewed or reversed: and if final, then it is such a decree as can be appealed from.
 
 
 13
 In support of the first error assigned, the appellants consider the law as settled, that in bills of review, as in cases of writs of error, all parties to the original suit must be made parties, either plaintiffs or defendants, to the proceeding brought to be reviewed. Cooper's Eq. 95; Beames's Pleas in Eq. 314. In the present case neither the Glenns nor Graham were made parties to the bill of review.
 
 
 14
 In support of the second error assigned, it is contended, that after a defendant in chancery has once appeared and demurred to a bill, it is not necessary to give him any further notice of the proceedings in the cause. A decree nisi need in no case be served upon such a party. The omission to file an answer is an admission, on his part, that the case is correctly stated in the bill, and that he has no valid defence to offer.
 
 
 15
 The twentieth rule established by the supreme court, for the practice of the courts of the United States, does not require the service of a copy of the decree. On the contrary, it is expressly provided, that if the defendant fail to answer the plaintiff's bill within two months (after the demurrer be overruled), the bill 'may be taken as confessed, and the matter thereof be decreed accordingly.' The clause attached to the sixth rule in these words, 'which decree shall be absolute, unless cause be shown at the term next succeeding that to which the process shall be returned executed,' is altogether omitted in the twentieth rule.
 
 
 16
 By the ordinary rules of practice in courts of chancery, no decree could be taken pro confesso, until the defendant had entered an appearance. The plaintiff had no remedy against the obstinacy of the defendant, in refusing to enter his appearance. To remedy this defect in the administration of justice, the statute of 5 Geo. 2, ch. 25, was passed, by which the courts are authorized to enter an appearance for the defendant, and the cause is then prosecuted in the same manner as though the defendant had voluntarily appeared.
 
 
 17
 We suppose the object of the sixth rule, is to enable the complainant to proceed without an actual appearance. The provisions of the sixth and seventh rules embrace substantially the provisions of the British statute, and the same construction applied to the estate, must be applied to the rules. 1 Har. Cha. Prac. 203; 1 Newland's Cha. Prac. 97.
 
 
 18
 If the court had intended to require the service of a copy of the decree, pro confesso, in cases where an appearance had been entered, and demurrer filed and overruled, language would have been used leaving no doubt of such intention. Such a requisition being contrary to the settled practice of the English courts, would not have been permitted to rest on mere inference or implication.
 
 
 19
 In support of the third error assigned, it is contended, that if the court should be of the opinion that a copy of the decree ought to have been served previous to its being finally entered; yet it is manifest in the present case that the service of the decree was waived. The court were distinctly informed that the defendants in the cause did not wish or intend to file an answer; under such circumstances it would have been useless to have served a copy of the decree upon the parties; without an answer, no other decree could have been pronounced than the one entered; and as it was known no answer would be filed, the service of a copy of the decree would have been a useless act. It is tantamount to a consent that the decree shall be entered. 5 Johns. Cha. 68.
 
 
 20
 Why may not a party rest his case upon a demurrer? He knows the facts are correctly stated in the bill. He finds the law arising from those facts against him: upon what principle of law or justice is a party so circumstanced obliged to pay the expense of a copy and service of such a decree?
 
 
 21
 Mr Sergeant, also, for the appellants, after presenting to the court the printed arguments of Mr Fox and Mr Caswell, stated that the whole case turned upon the rules for the regulation of equity proceedings in the circuit courts, as established by this court. He particularly referred to the twentieth rule; and he contended that the proceeding in the circuit court of Ohio was against those rules. Those rules were established for the general regulation of proceedings in chancery cases, and they form a part of the law of the land.
 
 
 22
 A bill of review must be founded on new matter, and this of a peculiar character. But there is no allegation of new matter in this proceeding. The parties in this case demurred to the bill. They were thus in court, and there was no necessity under the rules of practice to serve a copy of the subsequent decree upon them. But, in addition to this, the solicitor of the original defendants expressly declared the defendants had nothing to allege against the original bill. This is conclusive upon the appellees. They were bound by the admissions of their solicitor.
 
 
 23
 Mr Hammond, for the appellees.
 
 
 24
 The first error alleged is, that all the parties interested in the original decree, were not parties to the bill of review.
 
 
 25
 We reply that none were affected by that decree but White, and Cummins, and Bennefil, who claimed under him. Nothing was decreed affecting the other parties. The decree did not touch them. Consequently they could not, properly, be complainants in a bill of review. As it respected them, there was nothing to be reviewed.
 
 
 26
 The second error alleged is, that the appellees having appeared and demurred, although their demurrer was overruled, and the cause remanded to the rules for further proceeding, service of a decree nisi was not necessary.
 
 
 27
 The supreme court of the United States have established rules of practice touching this point. The circuit courts may not give them, every where, exactly the same construction; but may blend with them, in that construction, an existing practice. There is no reason why a cause, at the rules, upon rule for answer, should be distinguished from a decree pro confesso, for non appearance. The object of serving on the respondent himself, a decree nisi, is, that the court may be assured he is wilfully in default. This is alike indispensable, in every case, where a decree pro confesso is to be taken. The supreme court will not readily control the circuit court in deciding any matter respecting its own practice. So it is decided in Duncan v. The United States, 7 Peters 451, 452. The decision of the circuit court, in the case now under consideration, is predicated upon its own knowledge of its own practice. That decision is in aid of a full and fair administration of justice, and, therefore, ought to be sustained if possible.
 
 
 28
 The third error assigned, assumes that the pleadings, in this case, involve a waiver of the rule. That is, there being no replication, the allegation, in the answer to the bill of review, that the counsel for the appellees, the respondents in the original suit, declared in court that the appellees did not wish to file an answer to the original bill, is a fact confessed.
 
 
 29
 There can be nothing in this. No declarations of counsel, in court, unless formally made and recorded, or noted in writing, can authorise a departure from the established modes of practice. It seems an odd apology for error in a decree, that opposing counsel made declarations that induced the party to commit that error. But we go further: we maintain that parties are not to be concluded by loose and general declarations of counsel. Parties are as well to be protected against these, as against the apprehended negligences, which the service of a decree nisi is intended to prevent.
 
 
 30
 It is denied that any declaration, of either the party himself, or of his counsel, can be set up in answer to a bill of review, for error on the face of the record, unless such declaration appears in the record of the proceedings, or on the face of the decree. With these remarks the case is submitted.
 
 
 31
 Mr Justice STORY delivered the opinion of the Court.
 
 After stating the case, he proceeded:
 
 32
 Several objections have been taken by the appellants to the decree. In the first place, it is said that all the parties to the original decree are not made parties to the bill of review. How this matter is, does not distinctly appear, as the proceedings on the original bill, though made a part of the bill of review, are not, as they ought to have been, spread upon the present record. The principle is unquestionable, that all the parties to the original decree ought to join in the bill of review; but, for aught that appears, no decree was ever had against the other defendants. If this constituted the turning point of the cause, we should deem it necessary to award a certiorari, as there is reason, from the answer, to doubt if any decree was had against the other defendants, not made parties to the bill of review.
 
 
 33
 In the next place, it is objected, that, after an appearance and demurrer overruled, it is not necessary to serve the party defendant with a copy of the decree, taking the bill pro confesso, for want of an answer. The answer to the bill of review having expressly denied any error and irregularity in the decree, and not having admitted that the service of any such copy is necessary, that matter was directly put in controversy; and the cause having been set down for a hearing upon the bill and answer, without a replication, it is difficult to perceive how this court can take judicial notice of what the practice of the circuit court is upon this subject, when that practice is the very hinge of the controversy. But it is not, in our opinion, necessary to enter upon this point; because, we are of opinion that the decree is perfectly regular without the service of any copy, according to the rules prescribed by this court, in equity causes, to the circuit courts; and no practice of the circuit court, inconsistent with those rules, can be admissible to control them. The twentieth of the rules, made by this court at February term 1822, in equity causes, is as follows. 'If a plea or demurrer be overruled, no other plea or demurrer shall be thereafter received; and the defendant shall proceed to answer the plaintiff's bill; and if he fail to do so within two calendar months, the same, or so much thereof as was covered by the plea or demurrer, may be taken for confessed, and the matter thereof be decreed accordingly.'
 
 
 34
 By the terms of this bill, no service of any copy of an interlocutory decree, taking the bill pro confesso, is necessary, before the final decree; and, therefore, it cannot be insisted on as a matter of right; or furnish a proper ground for a bill of review. If the circuit court should, as matter of favour and discretion, enlarge the time for an answer, or require the service of a copy before the final decree; that may furnish a ground why that court should not proceed to a final decree, until such order was complied with. But any omission to comply with it, would be a mere irregularity in its practice; and if the court should afterwards proceed to make a final decree without a compliance with it, it would not be error for which a bill of review lies; but it would be to be redressed, if at all, by an order to set aside the decree for irregularity, while the court retains possession and power over the decree and the cause.
 
 
 35
 In the present case the circuit court did proceed to make a final decree, after taking the bill pro confesso. There is no error on the face of that decree. It conforms to the requisitions of the rules of this court; and we are, therefore, of opinion, that it is not liable to reversal upon the present bill of review.
 
 
 36
 The decree of the circuit court is reversed, and the cause remanded to that court, with directions to dismiss the bill of review.
 
 
 37
 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Ohio, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said circuit court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said circuit court, with directions to to dismiss the bill of review in this cause.