## THE MAXWELL LAND GRANT AND RAILWAY COMPANY ET AL. *v.* GUADALUPE THOMPSON, ADM'X, ET AL.

PARTIES TO ORIGINAL BILL IN NATURE OF BILL OF REVIEW.—In an original bill in the nature of a bill of review and supplement, those only should be made parties as complainants or defendants who have an actual interest, and parties to the original suit who have no interest in the subsequent bill need not be joined; but the rule is otherwise where the bill is purely one of review.

DISCRETIONARY AMENDMENTS NOT REVIEWABLE.—Amendments to pleadings which are discretionary with the court trying a cause are not reviewable by the supreme court.

BILL OF REVIEW.—A bill of review corresponds to a writ of error at law and lies only for the purpose of impeaching and reversing or modifying an original decree in whole or in part for errors in law apparent on its face. *Per* BRISTOL, J., dissenting.

IDEM—WHAT A TEST OF APPLICABILITY OF.—One of the sure tests of the applicability of a bill of review in any case is the fact that the original decree could be pleaded in bar of the relief sought, if prayed for in an independent proceeding. *Per* BRISTOL, J., dissenting.

IDEM—DOES NOT LIE TO A DECREE BY CONSENT.—A bill of review can not be sustained when the original decree was made pursuant to the mutual consent of all the parties where there is no charge of fraud, imposition, surprise, or mistake. *Per* BRISTOL, J., dissenting.

PARTIES TO BILL OF REVIEW.—All the parties to the original suit must be made parties to a bill of review, particularly where the decree was by consent. *Per* BRISTOL, J., dissenting.

MISTAKE OF LAW AS GROUND OF RELIEF.—A mistake of law by the parties to a decree by consent is not ordinarily a ground of relief in equity. *Per* BRISTOL, J., dissenting.

SUPPLEMENTAL BILL IN AID OF A DECREE, PROPER WHEN.—The law relating to this subject discussed *obiter*. *Per* BRISTOL, J., dissenting.

NEW MATTER EXISTING AT TIME OF ORIGINAL DECREE.—New matter existing at the time of a decree and within the knowledge of the parties is no ground for a bill of review or a supplemental bill in the nature of a bill of review. *Per* BRISTOL, J., dissenting.

APPEAL. The case so far as material to the points decided appears from the opinion.

*Elkins and Catron*, for the complainants and appellees.

*R. H. Tompkins*, for the defendants and appellants.

By Court, JOHNSON, J.:

In my opinion, the following are the questions here pre-

sented on argument for determination: 1. Is the bill in this cause purely a bill of review, or is it an original bill in the nature of a bill of review and supplement? [The amended bill begins on page 139 and ends on page 155 of the transcript.] After examining the allegations of the bill, and the relief prayed for based thereon, it is my opinion that said bill is not purely a bill of review, but an original bill in the nature of a bill of review and supplement. 2. Were there parties complainant in this bill who should not appear as such, and were parties omitted as defendants who should have been made such?

It is my opinion that, were the bill purely a bill of review, the position of the appellants on this point would be sound; but the bill being such as I have defined it in my first proposition, it is my opinion that none should have been made parties but those having an actual interest in the suit, whether as complainants or defendants; that Maxwell and wife, and the Maxwell Land Grant etc. Company, show actual interest in the subject-matter of the bill, and were therefore properly parties complainant. It also appearing that Sherick and wife, and Hicklin and wife, had conveyed their interests in the subject-matter to Maxwell, it could not be affected by these proceedings, and therefore it is my opinion that Sherick and wife and Hicklin and wife were properly omitted as defendants.

It also appears from the record that the appellants did not suggest to the court below, in their answer or otherwise, that there should have been other parties; and it is only here and on argument that appellants have said anything about Sherick and wife and Hicklin and wife in connection with these proceedings.

The relief sought by the complainants in this cause seems to me to be ultimately the perfecting of a compromise between Maxwell and the heirs of Charles Bent, deceased, touching the conveyance of their interests in the lands described to Maxwell, the imperfection having been only as to the manner of conveying the interest of the minor children of Alfred Bent, who had deceased during the pendency of the original suit; and also to terminate the trust on

behalf of the heirs of Charles Bent, deceased, in the subject-matter. It is not shown here that, in granting the relief sought by the appellees, and making the incidental review of the original cause, the court below prejudiced or in any wise disturbed the interests of any of the parties to the original cause. On the contrary, it appears from bill and exhibits, answer and proofs, that the appellees ought, in equity, to have the relief sought.

In relation to the amendments allowed by the court below, it appearing here that they were such as, by the statutes of this territory, and the rules of practice of our courts, are entirely discretionary with the court trying the cause, they are not reviewable here. Hence, it is my opinion that the decree of the court below should be affirmed.

BRISTOL, J., dissenting:

The bill in this suit, to all intents and purposes, is a bill of review, except so far as it sets up new matters, and brings in persons not parties to the original suit, and to that extent it is supplemental. The decree in the court below seems to have been based on the theory of the necessity of reversing in several of its parts the original decree. The original decree in every essential particular was made in pursuance of the mutual consent and agreement of all the parties to the original suit. Some of the parties to the original suit, and those consenting to the decreee, have not been made parties to the bill of review.

A bill of review corresponds with and is in the nature of a writ of error, in an action at law, and can only be entertained for the purpose of impeaching and reversing or modifying, in whole or part, an original decree on account of errors in law apparent on its face: Story Eq. Pl., sec. 403; 2 Dan. Ch. Pl. & Pr. 1631. A bill of review can not be sustained on the ground that the court decided wrong on a question of fact, 3 Paige, 368; nor for wrong inferences of the court on matters of fact, nor on the ground that the original decree was not warranted by the evidence: 2 Dan. Ch. Pl. & Pr. 1631, note 2.

One of the sure tests of the applicability of a bill of review in any case is the fact that the original decree could be pleaded in bar of the relief sought if prayed for in an independent proceeding: Story Eq. Pl., sec. 421, a. In applying this test to the case in hand, could any of the other parties to the original suit and consenting to the decree therein have pleaded that decree in bar of a suit brought by Maxwell for the purpose of concluding them in definite terms from setting up any claim to the lands in question, as . against him, and for vesting title thereto in him, either on the ground that the decree vested an interest in them or any of them, or divested Maxwell's interest? My opinion is that the entire drift and purpose of that decree apparent on its face in connection with the entire proceedings necessarily preclude the affirmative of the proposition.

Within the applicability of a bill of review there can be no errors of law appearing on the face of a decree, when all of the terms and conditions have been settled and determined by the mutual consent and agreement of all the parties in the absence of fraud, imposition, or mistake, however prejudical any of its conditions may be to any of their interests. Conditions may have been assented to under mistake or ignorance of law. But misapprehension of the law by the parties, when unmixed with other considerations, is never a ground for relief in equity: 1 Pet. 15; 12 Pet. 32, 55, 56.

A bill of review, therefore, can not be sustained when the original decree has been made in pursuance of the mutual consent of all the parties: 2 Dan. Ch. Pl. & Pr. 1629. Circumstances, no doubt, might exist under which a decree by consent of parties would be impeached or reformed in equity, on the ground of fraud, imposition, suprise, or mistake; but the bill in this case sets up no such ground for relief.

Another rule in equity practice, to which the bill in this case does not conform, is that all the parties to the original suit should be made parties to the bill of review: Story Eq. Pl., sec. 409; 8 Pet. 262. This rule would seem to be especially applicable to any proceeding that seeks to inter-

fere with, or in any manner to modify a decree made by consent of parties, all of whom join in their assent to each and all of its conditions. In the light of these principles, which appear to be well established, it would seem that the complainants have mistaken their remedy. All the rights and interests of the parties to the original suit, respecting the subject-matter thereof, are necessarily based upon the decree therein, to which they all assented, so far as these rights and interests are determined thereby. If any of the parties are entitled to further relief, it must be by way of supplement to and not inconsistent with the principle of that decree. The decree itself should be allowed to stand as it was made.

All that the court has power to do in the premises by way of granting relief to the complainants, if they are entitled to any, must be by sustaining the original decree, and carrying into effect its apparent purpose and intent. This may be done by supplying unmistakable omissions, if any, that would be in accord with the purpose and principle of the decree. This can not be done by impeaching and reversing the decree upon a bill of review. The decree in the court below in reversing in part the original decree, relating to the interlocutory decree in the original suit, seems to be based upon the idea, among other things, that the setting aside of the interlocutory decree necessarily cuts off Maxwell's source of title. But it must be borne in mind that Maxwell, among other things, freely assented to setting aside the interlocutory decree. This was a part of the compromise agreement of the parties incorporated in the final decree therein. If the parties, including Maxwell, really intended to cut off his source of title, or if the decree to which they all assented, in the absence of fraud, imposition, or mistake, necessarily bears that construction, how is the court to relieve him? It seems to me that if Maxwell's interests rest on this ground, they rest on a very precarious foundation. But do the proceedings in the original suit reasonably lead to that conclusion? Does the final decree therein necessarily cut off Maxwell's source of title? The adjustment of interests by the interlocutory decree

seems to have been treated in the final decree therein, as not having been carried into effect or confirmed; and the presumption is strong that the only object of setting aside the interlocutory decree was that a compromise on a different adjustment of interests in a final decree by consent of parties might be substituted.

There can be no doubt that it might be shown by proper allegations in a proper bill for relief, in connection with the facts and circumstances appearing on the face of the proceedings in the original suit, that the real intentions of the parties in and by the decree, to which they assented, were to leave Maxwell in the undisturbed enjoyment of his interest in the lands, while, for the sum of eighteen thousand dollars, he should buy in the claims of the other parties, which claims at most, probably were founded on but a questionable equity; and in this way to compromise and end the litigation. The presumption is strong that there was an abandonment of all claim to the land by all the other parties as against Maxwell, upon payment of the eighteen thousand dollars, as therein specified. The decree by consent does not in terms recognize any claim to the lands except Maxwell's, and as between Maxwell and all the other parties to the original suit, the decree therein, as far as it goes, shows a better right in Maxwell. None of the other parties, therefore, could plead that decree in bar of Maxwell's better right. This in my judgment disposes of the question of the applicability of a bill of review, and of the necessity of reversing any part of that decree. Unless the decree fully sustains this view, being, as it is, a decree by consent of parties, it does not seem that there can be any mode of relief for Maxwell.

That part of the decree which directs the guardian *ad litem* of the minor heirs of Alfred Bent to convey what interests they had to Maxwell, might have been error in law, if the court alone was responsible for that condition. Mistake in law by the court, and mistake in law by the parties, are quite different matters as grounds for relief. The decree having been made by consent of the parties, it became their act, so far as its terms and conditions are concerned,

for which they alone are responsible.  The court did what all the parties mutually consented and agreed should be done.  That condition of the decree effects no good nor any harm.  It is simply in operation in executing the presumptive intentions of the parties.  It may, however, become important in a proper proceeding for relief, as evidence of what the parties really intended to accomplish, and of the fact that through misapprehension of the law they failed to frame their compromise agreement in that particular so as to execute their said purpose.

Upon a proper showing would this afford ground for relief?  In Story's Equity Jurisprudence, vol. 1, sec. 136, the following language is found: "There are some other cases where relief has been granted in equity, apparently on the ground of mistake of law.  But they will be found upon examination, rather to be cases of defective execution of the intent of the parties from ignorance of law as to the proper mode of framing the instrument."  Here the defective execution of what the parties manifestly intended to accomplish seems to be the more rational ground for relief.  It is not a case of mistake of law independent of other considerations, and is not therefore an exception to the rule that " *ignorantia legis neminem excusat.*"

Taking this as a recognized principle in equity, the proper mode of seeking relief by the complainant, Maxwell, seems plain.  Instead of a bill of review to impeach the original decree, he ought, upon first obtaining leave of the court, to have filed a supplemental bill in aid of that decree, upon a proper showing as to what the parties really intended to accomplish by their compromise agreement.  I see nothing in the way of granting a supplemental decree, to carry that intention into effect.  A supplemental decree concluding all the other parties to the original suit, and those subsequently claiming under them, from setting up any claim to the lands as against Maxwell and his grantees, and confirming Maxwell's title, would not, in my opinion, necessarily conflict with any principle of the original decree.  If the decree recognized any interests in the lands of the other parties

than Maxwell, or in terms divested any of his rights thereto, it would have been different.

If what I have pointed out can be shown to have been the real intention of the parties, though from ignorance of the law, they failed to execute that intention by appropriate terms in the decree made by their consent, there would seem to be no sound reason why equity could not supply the omission by apt terms in a supplemental decree, so as to give effect thereto without in this case disturbing the original decree. This would be proceeding on the principle of that decree and the compromise agreement incorporated therein: Story Eq. Pl., sec. 421, note 4; 2 Dan. Ch. Pl. & Pr., 1612, note 5. A proceeding of this kind for relief, is not in my opinion limited to the five years within which a bill of review must be filed; but may be prosecuted at any time. The bill in this case sets up as a principal ground for relief, a compromise agreement, alleged to have been entered into, by and between the parties to the original suit, in the lifetime of Alfred Bent, whereby the other parties were to release to Maxwell, and his title to the lands was to be confirmed.

The allegations of the bill base the conditions of the final decree therein by consent of the parties upon that agreement. But the proceedings in that suit do not indicate the existence of any such agreement, and even the proofs in this suit fail to establish it. This was new matter, which, if it existed, must have been within the knowledge of the parties prior to the decree, and, for that reason, it could not be considered upon a bill of review nor upon a supplemental bill in the nature of a bill of review. Upon this branch of the case, the bill entirely fails.

I see no reason for making the Maxwell Land Grant and Railway Company a party. That company holds under a full covenant warranty deed from Maxwell. Maxwell is, of course, interested in protecting himself from his covenants by perfecting his title. As soon, however, as title vests in him, it inures to the benefit of his grantees under warranty. This would be all the relief that company could ask. I do

not allude to this matter, however, as a fatal irregularity of the bill, no objection thereto having been raised by demurrer.

My conclusions are that the decree ought to be reversed, and the cause remanded to the court below, with directions to grant leave to the complainants to modify their proceedings in a manner to obtain such relief in equity as they may be entitled to.