## COURT OF APPEALS,
### Feb. 21, 1911.

## THE PEOPLE v. JOSEPH NESCE.

### (201 N. Y. 111.)

TRIAL—ARRAIGNMENT OF DEFENDANT FOR JUDGMENT—DEFENDANT MUST
BE ASKED WHETHER HE HAS ANY LEGAL CAUSE WHY JUDGMENT
SHOULD NOT BE PRONOUNCED AGAINST HIM—WHEN JUDGMENT
OF CONVICTION MAY BE REVERSED AND CASE REMITTED TO
SUPREME COURT FOR PROPER ACTION ON VERDICT.

The right of a defendant to speak for himself, after conviction
in capital cases, is one of substance and should be carefully
guarded (Code Crim. Pro., § 480), and failure to give him an
opportunity to do so is error. In case, however, of failure to ac-
cord him this right a new trial need not be granted, but defendant
may be protected by a reversal of the judgment and remitting the
case to the Supreme Court to proceed upon the verdict in accord-
ance with the requirements of the law.

APPEAL from a judgment of the Supreme Court, rendered
March 30, 1910, at a Trial Term for the county of Seneca,
upon a verdict convicting the defendant of the crime of murder
in the first degree.

The facts, so far as material, are stated in the opinion.

*Hermon A. Carmer* and *Daniel Moran* for appellant. The
failure of the clerk to ask the defendant when he appeared for
judgment whether he had any legal cause to show why judgment
should not be pronounced against him deprived defendant of
a substantial legal right. (Code Crim. Pro., § 480; *Messner*
v. *People,* 45 N. Y. 1; *People* v. *Faber,* 199 N. Y. 256; *People*
v. *Bowser,* 196 N. Y. 299.)

*George W Pontius, District Attorney (J. N. Hammond* of
counsel), for respondent.   The defendant waived the asking
of the question called for by section 480 of the Code.   (*People*
v. *Thorne,* 156 N. Y. 286; *People* v. *Johnson,* 110 N. Y. 134.)
If the court shall be of the opinion that compliance with sec-
tion 480 was not waived, the proceedings should be remitted to
the trial court to give judgment or entertain a motion based
upon proper cause.   (*People* v. *Bauer,* 3 N. Y. Crim. Rep.
434; *People* v. *Bork,* 96 N. Y. 188; *People* v. *Kelly,* 97 N. Y.
212; *People* v. *Faber,* 199 N. Y. 256; *People* v. *Hildebrand,*
1 Hun, 20.)

HAIGHT, J.   At the March, 1910, Trial Term of the Su-
preme Court, Seneca county, the defendant was tried and con-
victed of the crime of murder in the first degree.   After the
jury had rendered its verdict the defendant's counsel waived the
two days' stay given by the statute and consented that the court
might then proceed to judgment.   Thereupon the district at-
torney moved the sentence of the defendant.   He was then
sworn, and answered as to his age, place of birth, etc., but was
not asked as to whether he had anything to say why sentence
should not be pronounced against him.   The court thereupon
pronounced judgment, directing that he be conveyed to the
state prison at Auburn to be there confined until the week be-
ginning May 15th, 1910, and that during that week he be put
to death in the manner provided by law.   The appeal taken from
the judgment so entered brings up for review the single ques-
tion as to whether reversible error was thus committed by the
court.

It is contended on the part of the district attorney that the
defendant's counsel had waived any further right on behalf of
the defendant to show cause why judgment should not be pro-
nounced by the conversation that took place preceding the mo-
tion of the district attorney for judgment; but a careful read-

ing of the record upon that question leads us to the conclusion that there was no waiver of the rights of the defendant in this regard, if waiver there could be.

It has been one of the indispensable requirements of the common law that no person should have the sentence of death passed against him without first being given the opportunity to personally speak for himself and show cause, if he can, why sentence should not be pronounced against him. This right has been jealously guarded from very ancient times. (1 Chitty Cr. Law, 700; Barbour Cr. Law [2d ed.], 370.) And it is now protected by statute. (Code of Cr. Pro., § 480.)

In the case of *Messner* v. *People* (45 N. Y. 1) the failure to give the defendant the privilege thus accorded him was held to be reversible error and a new trial was granted. There was a dissent, however, and one of the judges voted to remit the proceedings to the Oyer and Terminer to give judgment on the conviction.

In the case of *Ball* v. *United States* (140 U. S. 118) it is said that at common law in all capital felonies it was essential that it should appear of record that the defendant was asked before sentence if he had anything to say why it should not be pronounced.

In the case of *People* v. *Faber* (199 N. Y. 256, 25 N. Y. Crim. 87) it was held that the failure to give the defendant the opportunity to speak for himself before sentence was reversible error. In that case there were errors committed upon the trial, and, consequently, a new trial was granted. The question, however, as to whether a new trial was necessary, had there been no other error committed, was left open for further consideration when the question should arise. The question is now presented, it being conceded by counsel that no other error was committed upon the trial calling for a reversal of the judgment.

The right of a defendant to speak for himself, after convic-

tion in capital cases, is one of substance and should be carefully guarded. It is the last opportunity that the law affords him of speaking for himself and showing cause, if he is able to do so, why judgment should not be pronounced against him. This right, given by the common law and now incorporated into our statute, compels the courts to accord him the privilege and no court has the right to deprive him of it. The trial, however, terminates with the verdict of the jury. The statute then steps in and gives the defendant two days' time to determine whether further legal proceedings should be taken in arrest of judgment, unless it should be the last day of the term of court, or he consents to waive the statutory time. Under the provisions of the Code of Criminal Procedure additional powers have been given to this court in the review of capital cases. The error which was committed in the passing of judgment occurred after the trial and the verdict of the jury. We, therefore, are of the opinion that, under the increased powers of this court given by the legislature, it no longer becomes necessary to grant a new trial for errors of this character and that all of the rights of the defendant may be fully protected by a reversal of the judgment and a remitting of the case to the Supreme Court to proceed upon the verdict in accordance with the requirements of the law.

The judgment should, therefore, be reversed and the case remitted to the next Trial Term of the Supreme Court in Seneca county to proceed upon the verdict according to the statute.

CULLEN, Ch. J., GRAY, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment accordingly.