173 So. 869

BROOKS et al. v. STATE.

4. Div. 939.

Supreme Court of Alabama.

April 15, 1937.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

The appellants, along with one Harrison Brooks, were indicted by a grand jury of Geneva county for the offense of murder in the first degree. The two appellants were jointly tried, and the trial jury found each guilty of murder in the highest degree, and fixed their punishment at death.

There is no bill of exceptions in the record.

■ The record proper shows indictment in due form, proper arraignment of the defendants, appointment of counsel to represent them, their pleas of not guilty, and not guilty by reason of insanity (interposed by each), due and proper setting of the case for trial, special venire for the trial of the cause, and order requiring service of a copy of the special venire and of the indictment upon each of the defendants, as the law directs in such cases. The record does not show the sheriff's execution of said order. This is unnecessary, as no question as to any failure to serve such copies seems to have been raised before the trial court and there decided. In all the above respects the record proper seems to be entirely regular, and without error.

■ However, the judgment entered, as to each defendant, is defective in that it fails to show that the defendants were asked by the court, if they had anything to say why the sentence of the law should not be pronounced upon them.

It was required at common law, and we have adopted the rule here, that before sentence, on a conviction of felony, the prisoner must be interrogated by the court as to whether he has anything to say why the sentence of the law should not be pronounced upon him. 1 Bishop Cr.Pro. § 1118; Crim et al. v. State, 43 Ala. 53; Perry v. State, 43 Ala. 21; Mullen v. State, 45 Ala. 43, 6 Am.Rep. 691; Reynolds v. State, 68 Ala. 502; Spigner v. State, 58 Ala. 421; Ball v. United States, 140 U.S. 118, 129, 11 S.Ct. 761, 35 L.Ed. 377; 1 Chitty's Crim. Law, 669; Messner v. People, 45 N.Y. 1;

James v. State, 45 Miss. 572, 579; Grady v. State, 11 Ga. 253, 257; Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218.

■ It, therefore, follows that the judgment of conviction, as to each defendant, will stand, and the judgment of the circuit court, as to each defendant, is here affirmed in all respects, except as to that part of the judgment, which pronounces the sentence upon the defendants, without showing that the defendants were first asked by the court if they had anything to say why judgment should not be pronounced on them. In this respect, and to this extent only, the judgment and sentence as to each defendant is reversed and the cause remanded to the circuit court for resentence of the defendants upon the respective verdicts, in conformity to the requirements of the law. Reynolds v. State, 68 Ala. 502; Ex parte Robinson, 183 Ala. 30, 63 So. 177.

Affirmed in part, and reversed and remanded only for resentence.

All the Justices concur.