THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ETHEL K. CRAIG, Appellant.— Judgment of the County Court of Orange County, convicting the defendant of the crime of arson in the first degree and sentencing her to the State prison for women for a term of not less than ten nor more than twenty-five years, and orders, affirmed. No opinion. Carswell, Acting P. J., Johnston and Adel, JJ., concur; Lewis and Aldrich, JJ., dissent, in part, and vote to reverse the judgment of conviction, insofar as the imposition of sentence is concerned, and to that extent only, and to remit the case to the County Court for resentence or other proper proceedings in accordance with the provisions of the Code of Criminal Procedure, upon the verdict of the jury finding defendant guilty of arson in the first degree, in accordance with the following

memorandum: We agree that the verdict of the jury which found that the defendant was sane at the time of the commission of the crime is not contrary to the weight of the evidence, and that to and including the rendition of the verdict, the record does not disclose any error for which the defendant should be granted a new trial. However, the sentence imposed thereafter was erroneous. On June 18, 1943, after the verdict had been rendered, defendant's statement was taken pursuant to section 485-a of the Code of Criminal Procedure. At the end of the blank used for that purpose, there appeared the statutory question provided for by section 480 of said Code, i.e., whether she had anything to say why the sentence of the court should not be pronounced upon her. On that date the defendant was not before the court for judgment, and sentence was not then imposed, since she had not waived the two-day delay provided for in section 472 of the Code of Criminal Procedure. Sentence was deferred until the following week. Upon the recommendation of the District Attorney, who indicated that he felt defendant might commit suicide prior to sentence, she was on June 18, 1943, remanded to the custody of the sheriff. Accordingly, the word "reserved" was entered after the statutory question in the blank used by the clerk. Before the date set for sentence, defendant's mental condition became such that it was found necessary to have her examined by two physicians, who found her insane. Upon their affidavits, on June 21, 1943, she was committed by the County Judge to the Matteawan State Hospital for the insane. All parties agree that such commitment was not in accordance with the procedure provided for by the Code of Criminal Procedure. Defendant, nevertheless, remained in Matteawan until July 12, 1944, when she was returned to the custody of the sheriff by virtue of an order in a habeas corpus proceeding. That order was granted on the ground that her commitment to Matteawan had been improper, not upon the ground that she had recovered her sanity. Subsequent litigation of a claim made by her attorney that she was entitled to an absolute discharge caused further delay; and she did not come before the court for sentence until December 9, 1944. The stenographic and the clerk's minutes of the proceedings of that date show that defendant's counsel raised certain untenable objections to the sentence. But they do not show that the requirement of section 480 was observed. Section 480 of the Code of Criminal Procedure expressly provides that " When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him." The right of defendant to answer for herself was one of substance and should have been carefully guarded. Failure to give her an opportunity to do so was error. (*People* v. *Nesce*, 201 N. Y. 111.) In addition, section 481 of the Code of Criminal Procedure contemplates that sentence shall not be pronounced where there is reasonable ground for believing defendant then to be insane. When defendant was sentenced, the County Judge stated that there was no question about her sanity, apparently assuming that the writ had been sustained upon the ground that she had become sane. In truth, the writ had been allowed on an entirely different ground. In the interests of justice, this sentence should be set aside and an inquiry held pursuant to law to determine whether the defendant is still insane. If so, sentence should be deferred until she becomes sane.