43 So.2d 644

**ARRINGTON v. STATE.**

**4 Div. 553.**

Supreme Court of Alabama.

Dec. 22, 1949.

Walker Norris, Birmingham, and John N. McGee, Jr., of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a judgment of conviction for rape, with infliction of the death penalty. Appellant is of the colored race. The victim is a white woman.

The alleged crime was committed on February 28, 1949. Appellant was indicted on March 4, 1949, and arraigned on that date. Appellant was unable to employ counsel, so at the arraignment the trial court appointed an able, experienced, and conscientious attorney of the Crenshaw County Bar to represent him. § 318, Title 15, Code 1940, as amended. The record shows that upon arraignment appellant entered a plea of guilty, but this plea was changed to a plea of not guilty when the cause came on for trial on March 15, 1949, the date set for trial at time of arraignment.

The evidence for the State consisted of the testimony of four witnesses; namely, the victim, her husband, a physician who examined her a short time after the offense is said to have occurred, and the sheriff of the county.

The prosecutrix testified in substance that appellant approached her while she was working in a field near her home and after asking permission to borrow a hoe, threw her on the ground, choked her, placed his hand over her mouth, threatened to kill her if she gave any alarm, and then had intercourse with her. The physician who examined her testified as to abrasions on her wrist and lip and "a swelling and a slight discoloration on her neck." Her husband, who saw her a short time after the offense is alleged to have taken place, also testified as to her physical condition. The husband was permitted to testify that the prosecutrix made a complaint to him, but was not permitted to state the details of the complaint. In a prosecution for rape, it is not improper to allow the State to show that prosecutrix made a complaint. Ellis v. State, 244 Ala. 79, 11 So.2d 861.

Sheriff Horn testified that the appellant admitted to him that he threw the prosecutrix down and had sexual intercourse with her, but denied hitting prosecutrix.

Appellant did not testify, nor were any witnesses called in his behalf.

The evidence was not only sufficient to carry the case to the jury on the charge of rape, but was sufficient to support the verdict of the jury finding the defendant guilty of rape.

A motion for new trial was timely filed on behalf of appellant by Walker Norris, as attorney for defendant. He had not represented appellant upon the trial. From aught that appears, attorney Norris was employed to represent appellant on motion for new trial and on appeal. The attorney who represented appellant at the trial seems to have been supplanted.

The motion for new trial was continued four times and, after having been amended, was overruled on May 10, 1949.

The grounds of the motion for new trial were substantially as follows: (1) The verdict was contrary to the law and the evidence; (2) the defendant was not furnished with a list of the jurors until

after trial, nor was he served with a copy of the indictment until after trial; (3) defendant was tried in an atmosphere of mob violence; (4) the trial court erred in admitting the so-called confession; (5) defendant was denied due process of law in that he was denied adequate representation by counsel; (6) defendant was denied the equal protection of the law in that Negroes had been systematically excluded from the jury which convicted defendant, because of their race, color, and previous condition of servitude.

We have shown that in our opinion the verdict was not contrary to the evidence.

█ The record shows that the trial court ordered that the sheriff "forthwith serve on the defendant a list of the names drawn in this cause by the Court from the jury box, and a list of the names of all the jurors drawn for the second week of this term of this Court, together with a copy of the indictment in this cause." The record does not show the sheriff's execution of said order. However, it is not necessary that the order or the fact of its execution appear in the transcript unless some question thereon was raised before the trial court and there decided. Supreme Court Rule 27, Appendix, Title 7, Appendix, Code 1940, p. 1015; Brooks et al. v. State, 234 Ala. 140, 173 So. 869.

█ In the case of Mitchell v. State, 58 Ala. 417, this court held that in the absence of any objection in the court below, or anything in its records showing the contrary, it will be presumed that a copy of the indictment and list of jurors were duly served upon the prisoner before trial, as required by law. In Shelton v. State, 73 Ala. 5, it was also held that the record on appeal in a capital case need not show affirmatively that the prisoner was served, as required by the statute, with a copy of the indictment and venire; but in the absence of any objection in the primary court on that ground, such service will be presumed to have been properly and regularly made.

█ In the instant case no question was raised on the trial proper as to the failure of the sheriff to comply with the court's order to serve appellant with a list of jurors and with a copy of the indictment. The mere statement in the motion for a new trial that such service was not had is not sufficient to overcome the presumption that service was properly and regularly made so as to require that the record show such service. There is nothing in this record in the way of evidence to support this ground of the motion for new trial.

█ Before permitting the State to prove the statement made by appellant in the presence of Sheriff Horn, heretofore alluded to, the trial court required the State to show that none of the three officials present threatened the appellant in any way, told him it would be better for him to make a statement, or offered him a reward to make a statement. We think the predicate as laid by the State was in all respects sufficient to show prima facie that the statement was made voluntarily, there being nothing in this record to indicate that under the circumstances prevailing at the time it was made, when considered with the age, character and situation of appellant, he was deprived of his free choice to admit, to deny, or to refuse to answer. Phillips v. State, 248 Ala. 510, 28 So.2d 542, and cases there cited. The mere fact that appellant had been removed from the county where the crime is alleged to have occurred to the State penitentiary does not support the assertion of appellant's counsel that he was held incommunicado. There is nothing in this record to support such an assertion.

We hold, therefore, that the trial court did not err in premitting the witness Horn to testify as to the statement made in his presence by appellant.

Counsel who represent appellant in this court, one of whom represented him on motion for new trial, insist that appellant was denied adequate representation of counsel. This claim of inadequacy of representation appears to be predicated on the following circumstances: (1) That appellant interposed a plea of guilty upon arraignment; (2) inadequate cross-examination; (3) failure to place appellant

on witness stand; (4) that no character witnesses were "allowed" to testify on behalf of appellant.

As before indicated, appellant did plead guilty upon arraignment. Why this plea was interposed we do not know. Perhaps the defendant insisted that it be made or the defendant having admitted his guilt to his attorney, the latter hoped by so pleading to secure a prison sentence for his client. But whatever may have been the reason for that plea, the record shows that it was changed to a plea of not guilty before the cause went to trial.

The extent of cross-examination must of necessity depend upon the need therefor and the results to be accomplished thereby. It is a useless and in fact a harmful procedure if it accomplishes nothing more than to accentuate the positive character of the testimony elicited on direct.

There is nothing in this record to indicate that counsel who represented appellant on the trial below prevented him from testifying. Counsel may have considered it to be to the best interest of his client that he not take the stand or he may have advised appellant of the fact that he did not have to testify and the latter elected not to do so.

We are unable to comprehend the claim made by counsel for appellant in brief filed here that the trial attorney refused to "allow" the defendant to prove his good character. Certainly there is nothing in this record to support such a charge.

Counsel who appear here for appellant are free with their criticism of the attorney who represented him in the trial below as to the failure to call any witnesses in his behalf. We are impressed with the fact that one of them represented appellant on motion for new trial and, although he had ample opportunity to do so, he failed to produce any evidence to support any of the grounds of the motion for new trial. Perhaps he was in the same dilemma as was the attorney at the trial, namely, lack of evidence.

While an attorney must see that the rights of his client are protected, he cannot be subjected to censure because he does not manufacture evidence.

We are of the opinion that the attorney who represented appellant at the trial below did his full duty under the circumstances and that there is no merit in the contention that appellant was denied adequate representation of counsel.

Reversible error is not made to appear because of the trial court's action in overruling the ground of the motion for new trial to the effect that appellant was denied due process of law in that members of the Negro race were systematically or arbitrarily excluded from the jury box and jury rolls of Crenshaw County.

In Vernon v. State, 239 Ala. 593, 196 So. 96, we held in effect that this question could not be raised for the first time on a motion for a new trial. But even if it be assumed that it could be so raised, there must be evidence to support the charge. Clark v. State, 239 Ala. 380, 195 So. 260. In so far as this record discloses, there was no effort on the part of counsel who represented defendant on the motion for new trial to offer any evidence tending to support the bold assertion of this or any other ground of the motion.

In accordance with our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon our attention or not. We have dealt herein with all questions calling for treatment.

We find no reversible error in the record, and the cause is due to be and is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.