Ronald COUCH, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 12972, 12973.

United States Court of Appeals District of Columbia Circuit.

Submitted March 23, 1956.

Decided June 7, 1956

1.  98 U.S.App.D.C. ——, 235 F.2d 515 (1956).

520

Wilbur K. Miller and Bastian, Circuit Judges, dissented in part.

———————

Messrs. C. William Tayler and Thomas A. Wadden, Jr., Washington, D. C., submitted for appellant.

Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, Lewis Carroll, Arthur J. McLaughlin and John W. Kern, III, Asst. U. S. Attys., submitted for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant was convicted of robbery on one indictment and pleaded guilty to robbery on another indictment. He was sentenced under the former for four to twelve years imprisonment and under the latter for two to six years, the sentences to run consecutively. There was no appeal, but after the time therefor had expired appellant moved in the District Court, under 62 Stat. 967 (1948), as amended, 28 U.S.C. § 2255 (1952),[1] to set aside the judgment in each case and release him or award new trials. The motion was denied, followed by these appeals. After hearing by a division of this court the appeals were reheard by the court en banc without further oral argument, which was waived by counsel for the parties.

No attack is now made upon the conviction or plea of guilty, but only upon the sentence, and this on the ground that the District Court in sentencing appellant did not comply with Rule 32(a), Fed.R. Crim.P.[2] More precisely it is said the court did not afford him an opportunity to make a statement in his own behalf and personally to present any information in mitigation of punishment. The facts pertinent to this contention are as follows: Appellant's counsel was present when the sentence was imposed. During the proceedings the court reached

1. This section reads in pertinent part as follows:
  "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

2. Rule 32(a) reads as follows:
  "Sentence. Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." 18 U.S.C.

the cases of appellant and his co-defendants. The judge said: "The court will hear counsel for the defendant Couch." His counsel thereupon made a brief statement on behalf of Couch. Co-defendants of Couch were sentenced, and then the judge said, "perhaps there is a better chance of rehabilitating Couch," recommended that he be committed to a reformatory rather than sent to a prison, and imposed the sentences already described.

This court holds that the better practice in sentencing a convicted person is to afford him a personal opportunity to make a statement in his own behalf, which might include information in mitigation of punishment.[3] Such a statement would be in addition to any made by counsel on behalf of the defendant, if counsel is minded to make a statement. The sentencing judge can make this personal opportunity clear by addressing an inquiry directly to the defendant, after hearing counsel if the latter desires to be heard. In our supervisory capacity we now establish this procedure for this jurisdiction, but we apply it prospectively only, that is, to sentences imposed after a certified copy of our judgment in these cases is issued to the District Court, which is to be done forthwith. Durham v. United States, 94 U.S.App.D.C. 228, 240, 214 F.2d 862, 874, 45 A.L.R.2d 1430. The procedure now established is not to apply retroactively to sentences heretofore imposed. Appropriate order will issue to carry out the foregoing, and the order of the District Court in these cases will be

Affirmed.

BURGER, Circuit Judge, who took office after the hearing and consideration of these cases, took no part in their decision.

FAHY, Circuit Judge.

Chief Judge EDGERTON and Circuit Judges BAZELON, WASHINGTON and I participate in the adoption by the court of the prospectively operative procedure above set forth. We wish also to make plain our own view that where the procedure now prescribed is not followed error occurs that requires resentencing in accordance with Rule 32(a), certainly when the matter is brought before us on direct appeal, and in some circumstances, at least as to trials and convictions occurring after the rendition of today's opinion, when the question arises under section 2255, 62 Stat. 967 (1948), as amended, 28 U.S.C. § 2255 (1952). See Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, note 4 (dissenting opinion). We need not express a view as to the availability of section 2255 in the present cases, since a majority of the court does not decide that the rule now laid down is to be applied retroactively.

Rule 32(a), note 2 supra, has the force of law. See 47 Stat. 904 (1933), as amended, 18 U.S.C. § 3772; Order of Feb. 8, 1946, Adopting Rules 32–39, 18 U.S.C.A., xix (1951); Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; John R. Alley & Co. v. Federal Nat. Bank, 10 Cir., 124 F.2d 995, 998; C. J. Wieland & Son Dairy Products Co. v. Wickard, D.C.E.D.Wis., 4 F.R.D. 250, 252; and see Bank of U. S. v. White, 8 Pet. 262, 33 U.S. 262, 8 L.Ed. 938. We think the Rule means, as it says, that before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present information in mitigation of punishment. He may respond through counsel if he desires, or he may remain silent. But the opportunity afforded must be personal, and it is not when, as here, the judge asks only counsel if counsel has anything to say. This court rec-

---

3. This is of special importance in this Circuit where court-appointed counsel serve in hundreds of cases per year. Despite their fidelity and diligence in performing a laudable service there is always the possibility that the accused may be able to supply information on his own account.

ognizes that the latter procedure should be changed. We think that where the procedure prescribed by the Rule is not followed the error is not to be ignored as harmless. Kotteakos v. United States, 328 U.S. 750, 764, 765, 66 S.Ct. 1239, 90 L.Ed. 1557.

An opportunity afforded to counsel ordinarily is an opportunity afforded to his client. It is essential to maintain this relationship of counsel to court and to client in order to preserve counsel's vital role in the administration of justice. But there are exceptions, and the one under consideration has long been established.[1] A prisoner at the bar is placed apart so as to be able to speak for himself at the moment immediately preceding sentence, when he is faced with deprivation of liberty or with a fine, or both, and is about to be adjudged a criminal. He may then speak personally to the judge before the judge imposes sentence. In ancient times this procedure became known as allocution or allocutus, clearly embodied in modern times in Rule 32(a). Only recently this court itself so construed the Rule. Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627, 632; but cf. Hudson v. United States, 97 U.S.App.D.C. 153, 229 F.2d 36. We said in Gadsden that the Rule "imposes upon the sentencing court the affirmative duty to ask the accused whether he desires to make a statement." In footnote 21 immediately following, the court analyzed other decisions of federal courts and found none to be inconsistent with this interpretation of the Rule. The Gadsden opinion reinforced its holding by reference to the form of judgment set forth in the Appendix to the Federal Rules of Criminal Procedure. This form recites that the court before sentencing has asked the defendant whether he has anything to say why judgment should not

be pronounced. The court found additional support in the views of commentators, citing in footnote 23, for example, the following from 12 Cyclopedia of Federal Procedure § 50.16 (3d ed. 1952): " 'Under the Rule, the trial judge is required to afford the defendant an opportunity to make a statement, and the judge should ask the defendant whether he desires to make one.' "[2] Only because four of the eight judges taking part in the present decision now seem to draw back from holding invalid a sentence imposed in non-conformity with the Rule do we enlarge upon the discussion set forth in Gadsden.

The practice of asking the defendant whether he has anything to say before sentence is imposed had its genesis in English law at a time when a person accused of a felony was not permitted to have counsel to defend him. See State v. Hoyt, 47 Conn. 518, 545; Sarah v. State, 28 Ga. 576; Orfield, Criminal Procedure From Arrest To Appeal 539 (1947); 5 Holdsworth's History of English Law 192 (1938). This barrier to legal representation was not generally abolished in England until 1837, though the right to be defended by counsel had been extended to defendants in high treason cases in 1695. See 9 Holdsworth's History of English Law 235 (1938). Thus originally in English law the right to speak before sentence was imposed was of necessity extended to the defendant personally since he had no counsel. See 4 Blackstone's Commentaries 375, and App. at p. iii (1854). And Chitty makes it clear that the inquiry invited information in mitigation of punishment as well as grounds in law advanced to bar the imposition of sentence. He wrote that the allocution was indispensably necessary, and that if the defendant "has nothing to urge in bar, he frequently ad-

---

1. Another exception is that the presence of counsel during a trial does not dispense with the necessity of the presence of the accused. See Snyder v. Massachusetts, 291 U.S. 97, 105–106, 54 S.Ct. 330, 78 L.Ed. 674; Johnson v. United

States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704.

2. The additional factor in Gadsden that defendant's counsel was not present does not detract from the clear meaning we ascribed to the Rule.

dresses the court in mitigation of his conduct * * *." Chitty, Criminal Law 700 (1816).

That these commentators were correct in stating that the right of allocution was firmly established in English law as a necessary procedural step is plain from two high treason cases decided in 1689. In Rex & Regina v. Geary, 2 Salk. 630, 91 Eng.Rep. 532, the prisoner had pleaded guilty, but upon a writ of error exception was taken "that it did not appear he was asked what he had to say why judgment should not be given against him." The court held that exception good. "[A]ll the procedents are with an *allocutus quid,* or *si quid pro se dicere habeat, &c. Vide* Plowd. 387. Co. Ent. 532. Rast 455. * * * [H]e might have matter to move in arrest of judgment, or a pardon * * *." In The King v. Speke, 3 Salk. 358, 91 Eng. Rep. 872, the error assigned was "that upon oyer of the indictment, the defendant Speke confessed it, and thereupon judgment was given, but without demanding of him, *what he had to say for himself, why judgment should not be given.*" It was held the omission was error which required reversal, "for it is a necessary question, because he may have a pardon to plead, or may move in arrest of judgment * * *." Thus the court was required to ask the prisoner himself if he had anything to say why sentence should not be imposed. This is clear from the English version of what transpired at sentencing, and is made doubly clear by the Latin phrase, *"pro se."*

Despite the fact that in the United States persons accused of crimes could be defended by counsel, the majority of jurisdictions enforced the right of allocution, though restricting it to capital cases. E. g., Ball v. United States, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377; Keech v. State, 15 Fla. 591; Jones v. State, 51 Miss. 718; James v. State, 45 Miss. 572; People v. Nesce, 201 N.Y. 111, 94 N.E. 655; Hamilton v. Commonwealth, 4 Harris 129, 16 Pa. 129; Orfield, op. cit. supra at 539; 22 Minn.L. Rev. 733; 62 U. of Pa.L.Rev. 741; 113 A.L.R. 823.[3] And the language of the decisions indicates that the courts followed the English practice of giving the prisoner himself the opportunity to speak, *pro se.* In Hamilton v. Commonwealth, supra, decided in 1851, the procedure is referred to as a demand of the prisoner. It was held that failure to make the request was reversible error.[4] The language of the Supreme Court in Schwab v. Berggren, 143 U.S. 442, 446–447, 12 S.Ct. 525, 36 L.Ed. 218, and in Ball v. United States, supra, also evidences that the query was to the defendant himself, not to his counsel. In People v. Nesce, supra [201 N.Y. 111, 94 N.E. 656], it is said:

"It has been one of the indispensable requirements of the common law that no person should have the sentence of death passed against him without first being given the opportunity to personally speak for himself and show cause, if he can, why sentence should not be pronounced against him. This right has been jealously guarded from very ancient times. 1 Chitty Cr. Law, 700; Barbour Cr. Law 2d ed., 370. And it is now protected by statute. Code of Cr.Pro. § 480."

The retention of the practice no doubt was motivated by the desire of the law to preserve those salutary procedures in the administration of justice sanctioned by experience and sound policy. As said

---

3. Failure to afford the right necessitated reversal of the judgment and remand for resentencing, though not for a new trial. E. g., Brooks v. State, 234 Ala. 140, 173 So. 869; Keech v. State, supra; People v. Nesce, supra.

Some jurisdictions held that allocution was required even in non-capital felony cases. E. g., Oliver v. State, 25 Ala.App. 34, 140 So. 180; Cole v. State, 10 Ark. 318.

4. This is so although it also appears there was another ground for reversal, that the docket did not show the prisoner to be present when sentenced except by a general reference to his presence during every stage of the trial, from the time of arraignment to the time of sentence.

in Jones v. State, supra, 51 Miss. at 727–728, allocution "has its foundation in good sense and common justice," an expression ascribed to Hand, J., in Safford v. People, 1 Parker, Cr.R. 474.

Rule 32(a) now extends the ancient procedure to all criminal cases in the federal courts. Federal cases which antedate the Rule, and state cases not governed by it, which held that allocution was not indispensable, are therefore of no relevancy. For we think the Rule has now become a command upon the federal courts. To permit a departure from this command to go uncorrected in a particular case, assuming the question to be properly before us, in our view would be to permit a practice which violates the Rule to supersede a rule of law prescribed by the Supreme Court under authority of Congress after centuries of development in the common law.

WILBUR K. MILLER and BASTIAN, Circuit Judges, concur in affirmance but dissent from adoption of the new procedure for the following reasons:

In our opinion no necessity exists for exercising our supervisory authority to establish the new procedure outlined. We think the majority gives too narrow a construction to Rule 32(a) of the Federal Rules of Criminal Procedure. That section provides:

"(a) *Sentence.* Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

Defendant's counsel urges that the trial court did not afford defendant an opportunity to make a statement in his own behalf and personally to present any information in mitigation of punishment, as the rule requires. The short answer to this is that that is not what the rule provides.

In effect, the majority says that the trial court *must* specifically ask the defendant personally if he wishes to make a statement, where his lawyer has already spoken for him. It is to be noted that throughout the Federal Rules of Criminal Procedure the word "defendant" is used often, but in practically every case there can be no doubt that the effective way is for defendant's counsel to take the action required.[1] Here the experienced and able trial judge did address defendant's counsel by name, and counsel[2] did make a statement in defendant's behalf, urging that there was hope of rehabilitation in his case, a statement which apparently impressed the trial judge, who stated:

"So far as Couch is concerned, Couch has no prior record, and the court will take that into consideration. He is before the court in both cases; the one in which he was convicted and the other to which he pleaded guilty. The court also has the feeling that perhaps there is a better chance for rehabilitating Couch than there is for rehabilitating the other three defendants, and accordingly will recommend that he be committed to the Federal Reformatory at Chillicothe. The court will make no recommendation as to the other defendants."

As stated, counsel was invited to and did make a statement, and nothing would

1. See, e. g., Rule 7(d): "The court on motion of the defendant may strike surplusage from the indictment or information." Rule 15(d): " * * * The court at the request of a defendant may direct that a deposition be taken on written interrogatories * * *." Rule 17(b): "The court or a judge thereof may order

at any time that a subpoena be issued upon motion or request of an indigent defendant. * * *" There are many other instances.

2. It is not contended that defendant's counsel in the trial court was other than competent. In fact, he was a competent trial lawyer.

have prevented defendant from making a statement if he or his counsel wished so to do; but it is obvious that defendant was satisfied with the statement made by his counsel. The defendant not only made no effort—personally or through counsel—to speak at the sentencing, but he did not appeal on this or any other ground. It was a year and a half later that he raised the question under 28 U.S.C. § 2255.

Counsel is often better able than defendant himself to bring before the court statements concerning defendant, his prior record, his family, his environment, and facts germane to the mitigation of his punishment.

We see no reason for the trial judge to ask the defendant personally if he wishes to make a statement when a statement has already been made for him by his counsel and where the court is not advised by defendant or his counsel that the defendant wishes to make a statement personally.

We believe that the correct rule was laid down by this court on January 12, 1956, in Hudson v. United States, 97 U.S.App.D.C. 153, 229 F.2d 36, a case (on direct appeal) as precisely similar to these cases as can be imagined. There this court said:

> "As to the pre-sentence statement, both Hudson and his trial attorney were present and stood together before the bench, and the attorney made a brief plea for clemency. The court did address counsel by name in making its inquiry, but, so long as both were present and what was expected was made plain, we think all reasonable requirements of the law were met. We find no error in the foregoing respects."

The present decision, of course, constitutes a reversal of the views of this court as expressed so recently in Hudson.

We have been unable to find any case where the procedure now to be applied has been required by an appellate court under circumstances similar to the present cases. On the contrary, it has been

held that "if counsel were present and no request was made of the court to be heard, and no objection was made to being sentenced without being heard, we think it would amount to a waiver of this formality." State v. Hoyt, 47 Conn. 518, 36 Am.Rep. 89. Cf. Steel v. State, 149 Ga. 134, 99 S.E. 305.