Merton E. BAIRD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5694.

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1957.

Ben D. Browning, Salt Lake City,
Utah, for appellant.

C. Nelson Day, Asst. U. S. Atty., Salt
Lake City, Utah (A. Pratt Kesler, U. S.
Atty., Salt Lake City, Utah, was with
him on the brief), for appellee.

Before HUXMAN, MURRAH and
BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Baird was charged by in-
formation with the offense of wilful
failure to file his federal income tax
return covering the calendar year 1953.
Upon his plea of guilty, he was sen-
tenced to imprisonment for one year.
The sole ground urged for reversal is
the alleged failure of the trial court
to afford him an adequate opportunity
to make a statement in mitigation of
punishment.

The information was filed on January
22, 1957. On February 15 Baird appear-
ed for arraignment, waived his right
to counsel, and entered a plea of guilty.
The court requested a presentence report
and continued the case for imposition
of sentence. On March 1 Baird again
appeared before the court without coun-
sel. The court requested a further pre-
sentence report and again continued the
matter.

On April 19 Baird was once more
in court without counsel. The court
inquired into his plans for paying the

taxes which he owed the United States and postponed sentence for thirty days. When he next appeared before the court, on June 7, Baird had a lawyer who made a statement of his client's financial obligations and home situation. The court sentenced Baird to a term of one year and allowed a ten-day stay of execution.

Present counsel for Baird then entered the case and moved the court (1) to reconsider the sentence, (2) to vacate the sentence and permit the defendant to make a statement in mitigation of sentence, and (3) to reduce sentence. This motion was heard at length on June 18 and counsel stressed matters relating to Baird's finances and federal tax obligations. In substance, the argument was that Baird should be allowed additional time to rehabilitate his finances and make peace with the Bureau of Internal Revenue. The motion was denied.

Under Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the court must afford to the defendant an opportunity to make a statement in his own behalf and to present information in mitigation of punishment. Such opportunity was afforded here. Baird entered a guilty plea on February 15 and after two intervening court appearances was finally sentenced on June 7. There is nothing in the record to indicate that on the three times when Baird appeared without counsel and the two times when he appeared with counsel either he or his counsel was denied the right to present facts in mitigation of punishment. Indeed, the record shows that the trial court proceeded with patience to get the facts before imposing sentence. There was full compliance with both the letter and the spirit of Rule 32(a).[1]

By taking this appeal, Baird has gained the time which his counsel said was needed to put his finances in order. The judgment is affirmed and it is ordered that the mandate issue forthwith.

1. See Pence v. United States, 10 Cir., 219 F.2d 70; Calvaresi v. United States, 10 Cir., 216 F.2d 891, 901, reversed 348 U.S. 961, 75 S.Ct. 522, 99 L.Ed. 749; Sandroff v. United States, 6 Cir., 174 F. 2d 1014, certiorari denied 338 U.S. 947, 70 S.Ct. 485, 94 L.Ed. 584; Mixon v. United States, 5 Cir., 214 F.2d 364, 365. Cf. Gadsden v. United States, 96 U.S. App.D.C. 162, 223 F.2d 627, 632.