UNITED STATES of America,

v.

Anthony CARMINATI, Defendant-Petitioner.

United States District Court
S. D. New York.
Feb. 17, 1960.

I. William Stempil, Washington, D. C., for defendant-petitioner.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for United States, John C. Lankenau, Asst. U. S. Atty., New York City, of counsel.

WEINFELD, District Judge.

The petitioner moves that a sentence imposed upon him on February 14, 1957 be vacated and corrected and that he be resentenced in accordance with Rule 32 (a) of the Federal Rules of Criminal Procedure.

The basis of the motion is that before imposing sentence, the Court failed to "afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment," as required by Rule 32(a).

The Court is of the view that the Rule requires, even after a defendant's counsel has made a statement for the defendant, that an inquiry be directed to the defendant as to whether, in addition to counsel's plea, he desires to make

any statement on his own behalf.[1] The Court has invariably followed this practice—at least it believed it had. And so this motion based upon alleged nonobservance of the Rule comes as a startling surprise, particularly so, since the record reveals that the Rule was adhered to with respect to other codefendants in this very case.[2] Were it not for the stenographic transcript of the minutes, which for the purpose of this motion is assumed to be accurate,[3] the Court would doubt that its usual practice with respect to sentence procedure was not followed.

Now, as to the merits of the motion. When the petitioner came up for sentence with his codefendants, his counsel requested an adjournment because of an incompleted investigation, the results of which he felt should be presented to the Court on defendant's behalf at the time of sentence. The application was granted only after the defendant was interrogated by the Court to make certain that he understood he would not receive credit for the time he was detained at the West Street Detention Headquarters as a result of the requested adjournment. The petitioner's codefendants did not ask for an adjournment and were then sentenced. As already noted, they were specifically questioned by the Court as to whether they had anything to say as to why sentence should not be imposed.

On the adjourned date, the petitioner's counsel made an extended plea during the course of which he asserted his faith in his client's protestations of innocence, notwithstanding the jury's verdict of guilty. Part of the attorney's statement follows:

"I want to say to you that ever since I was retained by the defendant and took up the nature of the charges in this indictment with specific reference to those places which the witness Oglesby refers to, John's Bar, the R. & S. Luncheonette, and even the Cosmos Bar, the defendant then told me and has since insisted that he has never in his lifetime set foot in those places. I have some reason to believe at this point that he was telling me the truth then and is telling me the truth now. Quite apart from anything that happened in this case, *the defendant has asked me to make this announcement to the Court, and I feel it is a responsibility that I must follow because of his request*; he has asserted repeatedly that he is innocent of the charges in this case. He still stands on that, that

1. Cf. Couch v. United States, 1956, 98 U.S.App.D.C. 292, 235 F.2d 519.

2. See United States v. Carminati, 2 Cir., 247 F.2d 640, certiorari denied 1957, 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113.

3. Nonetheless, the Court entertains a doubt as to the accuracy of the minutes. At the end of a rather lengthy statement by defendant's counsel, referred to in the text of this memorandum, the following comment, including the italicized question, appears:
"The Court: * * * The evidence with respect to this defendant in the main did come from the defendant Oglesby, who related a number of incidents which, if believed, as they were, clearly indicate this defendant's participation in the conspiracy * * *. There are other instances of direct evidence in this case.

*Do you want to say something?*"
The Court is of the view that the foregoing question was put to the defendant. The record indicates that the response was made, not by the defendant, but by the Assistant United States Attorney, as follows:
"Mr. Londin: No, your Honor." In the light of the Court's usual practice, and the fact that the Assistant United States Attorney had already had his say, it is believed that the answer was made by the defendant and that the transcript should have shown, instead of "Mr. Londin," that it was "The Defendant" who responded "No, your Honor." However, the Court prefers to dispose of the motion on the assumption that the transcript is correct and believes that no useful purpose would be served by taking testimony as to the accuracy of this portion of the minutes.

he is not guilty of the charges in this indictment for which he now stands convicted by this jury." (Emphasis supplied.)

The Court took issue with some of counsel's statements and further colloquy ensued.

■ Most Courts have taken the view that Rule 32(a) does not mandate the Court to direct a specific inquiry to the defendant when he is represented by counsel who has made a statement on his behalf, where it is clear that the defendant has an opportunity, if he so desires, to make a statement supplementing that of his counsel.[4] Other courts have held that the Rule is not offended where neither defendant nor his counsel indicates to the Court that the defendant desires to make a statement either in person or through counsel[5]—in short, that unless the defendant takes the initiative, he may not be heard to complain. In sum, it is sufficient if it appears that the defendant had an opportunity to speak, whether inspired by a Court's question or upon his own initiative, as long as he was not denied the right to present facts.

The Court of Appeals for the District of Columbia, under its supervisory power, established prospectively a sentencing procedure for the courts within its jurisdiction whereby the sentencing court is required to address an inquiry directly to the defendant to afford him a personal opportunity to make a statement in his own behalf in addition to any statement by his counsel.[6]

While, as already noted, this Court believes the latter procedure is more desirable in order to assure that the purpose and spirit of the Rule is carried out, the Rule itself does not require the Court to parrot its language in haec verba to assure the defendant an opportunity to have his say before sentence. Neither does the failure to put such a specific inquiry render a sentence void so long as the defendant has an opportunity of which he is aware to make a statement prior to imposition of sentence.

■ While the transcript of the minutes, accepted as it is for the purpose of this motion, indicates that the Court did not specifically ask the defendant if he desired to make a statement on his own behalf, it is beyond doubt that not only did his counsel, who also appeared for him on the trial, make an extended plea, but that counsel represented with respect to the claim of innocence: " * * * the defendant has asked me to make this announcement to the Court, and I feel it is a responsibility I must follow because of his request * * *." Clearly, the record here demonstrates that petitioner was not deprived of an opportunity to make any statement he personally desired. It is not suggested even now that the defendant was foreclosed from a chance to urge upon the

4. Baird v. United States, 10 Cir., 1957, 250 F.2d 735; Sandroff v. United States, 6 Cir., 1949, 174 F.2d 1014, certiorari denied 1950, 338 U.S. 947, 70 S.Ct. 485, 94 L.Ed. 584. Cf. United States v. Tannuzzo, 2 Cir., 174 F.2d 177, 181, certiorari denied 1949, 338 U.S. 815, 70 S.Ct. 38, 94 L.Ed. 493.

5. Calvaresi v. United States, 10 Cir., 1954, 216 F.2d 891, 901, reversed per curiam "in the interests of justice and in the exercise of the supervisory powers of this Court," 1955, 348 U.S. 961, 75 S.Ct. 522, 99 L.Ed. 749; Mixon v. United States, 5 Cir., 1954, 214 F.2d 364.

6. Couch v. United States, 1956, 98 U.S. App.D.C. 292, 235 F.2d 519, 521. Cf. Gadsden v. United States, 1955, 96 U.S. App.D.C. 162, 223 F.2d 627, where, however, the real issue was whether or not the defendant had the effective assistance of counsel at the time of sentencing. Similarly inapposite is Jenkins v. United States, 1957, 101 U.S.App.D.C. 349, 249 F.2d 105, also relied upon by petitioner. There, too, the basic question related to a claim of ineffective assistance of counsel and it further appeared that no opportunity was afforded either the defendant or counsel in defendant's presence to make any statements at the time of sentencing.

Court any facts in addition to those set forth in the extended and fervent plea made by his attorney.

The Court imposed the minimum sentence under the mandatory provisions of the Narcotics Control Act and if the defendant's application were granted, of necessity the same sentence would be compelled. To grant this application upon the facts here presented would be slavish adherence to form; it would exalt form over substance.

The motion is denied.