■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM R. HOLLEY, JR., Appellant.— Order unanimously affirmed. (Appeal from order of Erie County Court denying a motion to vacate a judgment of conviction on August 23, 1960.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STERLING SCHOONOVER, Appellant.—

Memorandum: In 1950 defendant was convicted of grand larceny, first degree, in Chautauqua County Court upon his plea of guilty and sentenced as a second offender to a term of 8 to 20 years. In January, 1961 the Wyoming County Court sustained a writ of habeas corpus and remanded defendant to Chautauqua County Court upon a finding that at the time of sentence appellant had not been asked whether he had any legal cause to show why judgment should not be pronounced against him. (Code Crim. Pro., § 480.) Upon his reappearance in Chautauqua County Court counsel was assigned and the original sentence vacated. The pertinent question mandated by section 480 was then asked and appellant responded in the affirmative. His statement of legal cause why judgment should not be pronounced, although inartistically worded, in substance amounted to an application for leave to withdraw his plea of guilt because at the time of entering such plea he had been misinformed by certain named police officers that he was pleading guilty to a misdemeanor charge. The court summarily denied the application. In the course of a colloquy the court stated that "you are back here for the purpose of resentence, not for the purpose of any plea." It is plain that the court misunderstood the nature of the proceeding. The defendant was not there solely for resentence. He was there because there had been a failure in 1950 to comply with section 480. The right thus to speak is fundamental and "has been jealously guarded from very ancient times." (People v. Nesce, 201 N. Y. 111, 113.) "When appellant was rearraigned in order to comply with section 480 of the Code of Criminal Procedure, he was entitled to be returned to the status he possessed prior to original sentence (People v. Sullivan, 3 N Y 2d 196) and was within his rights in applying to withdraw his plea of guilty." (People v. O'Neill, 7 A D 2d 997, 998, affd. 7 N Y 2d 867.) It well may be that there is no merit to the application of appellant but this may not be decided upon this fragmentary record. The question required to be asked by section 480 is not a mere formality that permits only a negative answer from a defendant. Due process requires that an affirmative answer receive something more than the arbitrary action here taken. (Appeal from a judgment of resentence of Chautauqua County Court which sentenced defendant to 8 to 20 years as a second felony offender.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.