**Ronald O'DELL, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 3908.**

District of Columbia Court of Appeals.

Argued May 23, 1966.

Decided July 14, 1966.

William J. Garber, Washington, D. C., for appellant.

Frank Q. Nebeker, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Arthur L. Burnett, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant, together with four other defendants, was charged with assault.[1] A jury found appellant guilty but acquitted the others. The only claim of error relates to the legality of the procedure at time of sentencing. The record shows that immediately after the return of the verdict, the following occurred:

"THE COURT: With respect to the defendant O'Dell—which one is O'Dell? The others may step back and the two in custody will be released.

---

1. The assault was unprovoked, was of a vicious character and caused serious injury to the complaining witness.

"MR. GARBER: Your Honor, I would like to ask if you would refer this matter for pre-sentence investigation?

"THE COURT: Do you want to say anything?

"MR. O'DELL: No, sir.

"THE COURT: Three hundred and sixty days."

It is appellant's contention that the trial court effectively denied him the right to have his counsel speak on his behalf prior to imposition of sentence. We agree.

It should be noted we are not here dealing with the right of allocution.[2] Appellant was afforded that right—the right to personally make a statement to the court prior to sentencing—but he declined to exercise it. He preferred that his counsel speak for him, but his counsel was not given that opportunity. Instead of replying to counsel's request for pre-sentence investigation, the court asked appellant if he wished to say anything and when appellant replied in the negative, sentence was immediately imposed.

■ "The right to effective assistance of counsel at the sentencing stage of the proceeding is guaranteed by the Constitution." Gadsden v. United States, 96 U.S.App.D.C. 162, 165, 223 F.2d 627, 630 (1955). Mere presence of counsel is not enough. At sentencing there is "a real need for counsel. * * * Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendants' past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws." Martin v. United States, 182 F.2d 225, 227 (5th Cir. 1950), cert. denied 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647, 20 A.L.R.2d 1236, quoted in Gadsden, supra.

■ Although on allocution the defendant may "with halting eloquence, speak for himself," Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), nevertheless his counsel "is often better able than defendant himself to bring before the court statements concerning defendant, his prior record, his family, his environment, and facts germane to the mitigation of his punishment." Opinion of Judges Miller and Bastian in Couch v. United States, 98 U.S.App.D.C. 292, 298, 235 F.2d 519, 525 (1956).

■ It will not do to say that counsel should have sought to speak for defendant after sentence had been imposed, for it is obvious that the burden on counsel after imposition of sentence is much heavier than that before imposition.

The judgment of conviction is affirmed, the sentence is vacated, and the case is remanded for resentencing after affording counsel an opportunity to speak in mitigation of punishment.

MYERS, Associate Judge (dissenting):

I find no basis in the record for the conclusion of my associates that counsel for appellant was not given the opportunity to speak on behalf of his client prior to imposition of sentence. Concededly, if defense counsel asks the court for permission to make a statement, his request should not be arbitrarily rejected; but the burden is on counsel to bring to the court's attention that he wishes to address the court to present facts pertinent to sentencing. In the instant case, experienced and competent counsel, who had represented appellant at all stages of the proceedings, did not in any way indicate that he desired to make a statement prior to the imposition of sentence at the conclusion of the trial. This may have been the result of a calculated decision not to do so, or because there were no mitigating circumstances to bring to the attention of the court, or because of an oversight. As I read the majority opinion, it stands for the proposition that if defense counsel—

2. See Green v. United States, 565 U.S. 301, 81 S.Ct. 652, 5 L.Ed.2d 670 (1961).

for whatever reason—does not make a statement prior to imposition of sentence, an appeal lies and the sentence, although within the statutory limits, must be reversed and the case remanded for resentencing in order that counsel may speak.

In my judgment, it is not without significance that after sentencing defense counsel at no time made an effort to bring to the court's attention, by motion or otherwise, facts justifying reduction of sentence.[1] My associates discount this on the ground that the burden on counsel after imposition of sentence is much heavier than before. That a burden may be heavier is no excuse

for inaction. But even if there be such a burden, granting appellant's attorney another opportunity to speak for his client does not lessen that burden on remand.

Whether appellant was prejudiced by his counsel's failure to speak turns, in my judgment, on whether counsel requested and was arbitrarily denied the right to address the court in mitigation of punishment. Absent such a showing, I cannot agree that the case should be remanded for resentencing after counsel has had an opportunity to present extenuating circumstances. I would affirm both the conviction and the sentence as valid.[2]

---

1. In argument before us on appeal, appellant's attorney stated he elected not to address the trial court after sentencing to urge mitigation of punishment because, in his judgment, the "proper atmosphere" was not present.

2. In the District of Columbia Court of General Sessions, a presentence investigation, as requested by appellant's counsel, is, under General Sessions Criminal Rule 20 (a), merely discretionary with the court. Appellant has shown no abuse by the trial judge in dispensing with the presentence report here.