**Joseph A. BOLDEN, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14849.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1959.

Decided April 16, 1959.

Mr. John W. Karr, Washington, D. C., for appellant.

Mr. Jack Marshall Stark, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Evidence for the Government showed that on the evening of December 29, 1957, a poker game was in progress at the home of Fred Mosley. At about 11:30 p. m. Joseph A. Bolden, Jr., appeared and asked for a girl named Blanche Brown. Upon being told Blanche was not there, Bolden received permission to come in and use the telephone. Witnesses said he left but returned about 1:30 a. m.; that he said he was still looking for Blanche and again asked and received permission to use the telephone. Once inside the house, and with the help of two other armed men who immediately came in, he held up the card game at gun point and robbed three of the gamesters.

On December 30 Bolden and one Robert Galloway were arrested for the robberies. At a preliminary hearing both said they were together at another place when the crimes were committed. Bolden was held to await the action of a grand jury but Galloway was dismissed, presumably because he was not identified as one of the bandits.

In March, 1958, Bolden was tried and convicted under three counts of robbery and one count of carrying a dangerous weapon. From preliminary hearing through sentencing he was represented by employed counsel of his own choice.

He appeals, saying his trial attorney, with whom he had previously expressed no dissatisfaction, did not give him ef-

fective assistance; and *saying further that the conduct and attitude of the trial judge was "so biased and argumentative as to constitute an erroneous invasion of the province of the jury to decide issues of fact, and thereby further deprive appellant of a fair and impartial trial."*

Trial counsel is said to have been ineffective in that he "failed or refused to subpoena, call or examine alibi witnesses." Apparently this statement is based (a) on Galloway's evidence at his own preliminary hearing that at the time of the crimes he and Bolden were together at a place remote from the scene; and (b) upon Bolden's testimony at his own trial that at 12:30 a. m. he went to a place distant from Mosley's home and left at 2:00 a. m. with Galloway, Isola Magriver "and another friend known only to me as 'Ham.'"

Bolden does not contend he told his trial counsel these persons would testify to an alibi for him. He simply says his counsel was ineffective because he did not call them. The record shows, however, that Galloway was present and refused to repeat the alibi evidence he had given at the preliminary hearing when he himself was under accusation.

We do not know why trial counsel did not subpoena Magriver, whose address was not given, or "Ham," whose real name was unknown. He may well have decided, in view of Galloway's recantation, that as a matter of trial tactics it would be better not to present the alleged alibi. Whatever the reason for it, the decision was for the judgment of counsel and should not now be the basis for a charge of inefficiency. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, certiorari denied 1958, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

With respect to his criticism of the trial judge, the appellant complains that in the presence of the jury he admonished defendant's counsel for arriving late at an afternoon session, and told him to take his hands out of his pockets and to stop leaning on a table during his examination of a witness. This con-

duct, says Bolden, prejudiced him in the eyes of the jury; but in our opinion the mere statement of the argument refutes it. Appellant complains further of the trial judge's attitude as displayed in a colloquy with counsel at the bench. The conversation does not show a prejudiced attitude and, moreover, did not occur in the presence of the jury. Finally appellant contends that portions of the charge were improper, although he did not except at the time. Regardless of that, we find the trial judge's discussion of the evidence was clearly fair comment; and we observe that he carefully told the jury, both before and after commenting on the evidence, that they were "the sole judges of the facts" and that his comments thereon were not binding on them.

Affirmed.