Edward H. HENSLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 2451.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 14, 1959.

Decided Nov. 4, 1959.

1. Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249 (1933).

James F. O'Donnell, Washington, D. C., for appellant.

Frank Q. Nebeker, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

After trial by the court appellant was convicted on a charge of assault. Code 1951, § 22–504.

■ We first consider appellant's claim that the finding of guilt was not supported by sufficient evidence. The assault followed a honking episode on a public highway and an exchange of words between complaining witness and occupants of appellant's automobile. Someone in appellant's automobile threw a bottle at the automobile of the complainant. Shortly afterwards, while complainant was behind the wheel of his car waiting for a traffic light, a man ran from appellant's car and struck him in the face several times. According to complaining witness, "defendant Hensley jumped from the driver's seat of his automobile, ran around the cars to the passenger side of complainant's car, opened the door and yelled to the other man to 'get in the back;' that the other man then attempted to get in the rear seat by forcing the driver's seat of complainant's car forward; * * * that when defendant Hensley started to get in the car on the passenger side, complainant slid across the seat and forced his way past defendant and ran; that the defendant did not strike him but he did brush by defendant as he attempted to escape * * *."

A police officer testified that at the precinct defendant admitted striking the complaining witness. On the stand defendant denied that he struck the complaining witness and said that his activity at the scene was for the purpose of grabbing the assailant and preventing the assault.

It will be seen that there was some evidence that defendant admitted committing the assault. But even if it was his companion who did all the actual striking, there was ample evidence on which to charge and convict defendant as a principal, as one "advising, inciting, or conniving at the offense, or aiding or abetting the principal offender." Code 1951, § 22–105.

The next question is whether there was a valid waiver of jury trial. When defendant was arraigned he pleaded not guilty and demanded trial by jury. A month later the case was called for jury trial and defendant was present. After the completion of the voir dire examination defendant's attorney approached the bench and informed the trial judge that the defense desired to waive jury trial and take a trial by the court. The prosecution voiced no opposition and the judge told the jury in open court that the defense preferred a trial by the court and that the jury would be relieved from sitting on the case. Accordingly the judge proceeded to try the case without a jury.

Code 1951, § 11–616 provides that when an accused has a constitutional right to trial by jury he shall have such a trial unless he shall in open court expressly waive such trial and request to be tried by the judge. No decision in this jurisdiction has ever held that such waiver must be made and announced by defendant personally or that a waiver made and announced by counsel in open court in the presence of the accused is ineffectual unless corroborated by the defendant personally.

Appellant relies on People v. Washington, 95 Cal.App.2d 454, 213 P.2d 70, which prescribed strict construction of a state constitutional provision that waiver of jury trial should be expressed in open court by both defendant and his counsel. That view has been consistently taken by the California courts. People v. Barnum, 147 Cal.App.2d 803, 305 P.2d 986, see also Hughes v. Heinze, 9 Cir., 268 F.2d 864. But neither the Federal Constitution nor our local statute requires announcement of waiver by both counsel and defendant.

Appellant also relies upon Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357, which dealt with the question of waiver of the right to counsel. There the Supreme Court said that whether there had been an intelligent waiver of such right must depend in each case upon the particular facts and circumstances, including the background, experience and conduct of the defendant. In a later case the Supreme Court said that an accused in the exercise of a free and intelligent choice may waive trial by jury, as he may waive his right to assistance of counsel. Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435.

■ This court had followed the same approach in dealing with the general question of waiver, Humphries v. United States, D.C.Mun.App., 68 A.2d 803. In this case we have concluded that on the basis of the entire record before us it would not be right to make an appellate determination that the waiver of jury trial was unintended or that it was invalid or ineffectual.

■ It is claimed there was error in overruling a motion for new trial. The motion was based in part on the question of waiver just discussed, and on the charge that defendant did not have adequate or effective assistance of counsel. The charge, among others, was that his retained counsel failed to explain the importance of jury trial and failed to call defendant's wife as a witness. We have studied the record in the light of these allegations and contentions. In the management and conduct of the defense counsel was confronted with situations requiring judgment, thought and tactical decisions. Even with the wisdom of hindsight it cannot be said with assurance whether the decisions and strategy of counsel were wise or unwise. But they were not such as to justify a ruling by us that defendant did not have effective assistance of counsel and is entitled to have a second trial of his case. See Bolden v. United States, 105 U.S.App.D.C. 259, 266 F.2d 460; Mitch-

ell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787; Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002.

■ Finally we consider the claim that the trial judge imposed sentence without first giving defendant "an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment," as provided by Criminal Rule 20(a) of the trial court.[1] The point is well taken. After announcing his finding of guilt the trial judge asked as to "any prior record" of defendant and the transcript shows that after examining documents handed up by the prosecutor the following occurred:

"The Court: Well, you haven't got any record that could be cited against you as you sat on the stand, but you've been arrested for investigation three times; you forfeited for drinking in a public place; you forfeited for disorderly conduct on the street four different times, and you have been charged twice and acquitted twice for robbery; is that right?

"The Defendant: Yes, sir.

"The Court: I'm afraid the string for you has run out. In this case you are going to have to serve one year's straight time and you are going to have to pay a fine of five hundred dollars or serve another year. Step him back."

The penalty imposed was the maximum authorized by law. It is plain from the record that the trial judge did not follow the procedure prescribed by Rule 20(a) and that he failed to give defendant an opportunity to present facts in extenuation or explanation, Jenkins v. United States, 101 U.S.App.D.C. 349, 249 F.2d 105; Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627. Cf. Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562. This situation must be corrected by remanding the case for resentencing.

Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing.

1. This rule is identical to Fed.R.Crim.P. 32(a), 18 U.S.C.A.