King S. SHEPHERD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15426.

United States Court of Appeals District of Columbia Circuit.

Argued May 19, 1960.

Decided June 30, 1960.

Petition for Rehearing en Banc Denied Sept. 12, 1960.

Mr. James Francis Reilly, Washington, D. C. (appointed by this court), for appellant.

Mr. Maurice R. Dunie, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant was convicted of the crimes of housebreaking and petty larceny. He appeals. The question presented on appeal is:

"Whether the remarks and actions of the trial judge in the United States District Court to another jury in another pending criminal case as reported in the September 23, 1959 issue of the Washington

Post-Times Herald [1] *might* have so influenced, swayed or intimidated the jury in the appellant's case as to deprive the appellant of due process and a fair trial." [Emphasis supplied.]

The trial commenced on September 22, 1959, before Judge Joseph R. Jackson, and the taking of testimony was completed that day. On the morning of the next day, appellant's counsel [2] approached the bench and the following ensued:

"Counsel for appellant: Will your Honor, if your Honor would, interrogate the jurors at the present time as to whether they read the article on the front page of the 'Washington Post'?

"The Court: Of course, it really has nothing to do with this case.

"Counsel for appellant: Well, I am thinking along these lines, your Honor: If your Honor would advise the jury that the Court cannot enter or direct the deliberations of the jury once the case has been given to them.

"The Court: I certainly will. I will be glad to.

"Counsel for appellant: So that any feeling that the jurors may have of the preceding jury may be obviated in that manner.

"The Court: That is right. I will be glad to.

"Government counsel: And the Government has no objection, your Honor.

"The Court: Now, repeat that to me. What do you want me to do exactly, because I want to give it verbatim if I can?

"Counsel for appellant: To advise the jury that the Judge and the Court cannot direct the deliberations of a jury once the case has been given to them, cannot tell them to go one way or the other or admonish them.

"The Court: I will be glad to. Bring in the jury.

"(End of bench conference. Thereupon the jury entered the courtroom and resumed their seats in the jury box.)

"The Court: Ladies and gentlemen of the jury: How many of you read this morning's 'Post'? Put up your hands. I suppose you read the first page. I want to assure you of this: Once this case has been submitted to you it is none of the Court's business. The Court cannot guide you in your deliberation nor can it have any part in the way you bring in a verdict. So if you have any impression that it is otherwise dismiss it from your minds. It is just something that happened there that ordinarily doesn't happen but I have no power over you. The Court has no power over you once the case is submitted to you. That is your business then. You are an arm of the court. You are an important element of the court and the finding of fact is yours. Now, please remember that. And I also want you to remember this: While you are the sole judges of the facts, as they appear before you during the trial, nevertheless, that cannot be divorced

1. The material part of the article, which was headed "Judge Jackson Reprimands Jurors for Acquitting Defendant in Robbery," follows: "Judge Joseph R. Jackson reprimanded a District Court jury yesterday and excused its members from further duty after it had acquitted a defendant in a robbery trial. Jackson told the jury's 12 members that he disagreed with their verdict. It was not an intelligent decision on the facts in the case, he said in open court, and the jury members had shown bad judgment by rendering it. Then he excused the jury which had served 22 of the 30 days for which it was assigned to his court. Several jurors expressed amazement and shock at the judge's comments * * *" The defendant in the case in which the jury was discharged had no connection whatever with appellant nor with the cases in which appellant was convicted.

2. Appellant was represented in the trial court by counsel other than counsel representing him in this court.

from the Court's instructions. And in making up your mind as to what the facts are it must be within the type of law that the Court gives you. It isn't just a question of fact. It is a question of fact in accordance with the law that is given to you by the Court. Now, please remember that. Well, does that satisfy you? [To counsel.]

"Counsel for appellant: That is satisfactory, Your Honor."

Thereupon, the case continued. It was argued to the jury, the court's charge was given, trial counsel expressed himself satisfied with the charge (which was, in our opinion, entirely fair and correctly stated the jury's function as fact finder), and a verdict of guilty was returned.

Assuming that the newspaper article may have had the effect suggested in the statement of the question presented on appeal—an assumption in which we by no means indulge—the failure of trial counsel, not only to object to the sufficiency of the court's statement but, as well, his failure to move for mistrial and his expressed satisfaction with the court's instruction regarding the article itself, waived the claim of error, if any error in fact existed. Trial counsel used his best judgment. In Hensley v. United States, —— U.S.App.D.C. ——, 281 F.2d 605, in affirming Hensley v. United States, D.C.Mun.App., 155 A.2d 77, we approved the following language of that court:

> "In the management and conduct of the defense counsel was confronted with situations requiring judgment, thought and tactical decisions. Even with the wisdom of hindsight it cannot be said with assurance whether the decisions and strategy of counsel were wise or unwise." 155 A.2d at page 79.

Certainly, the decision of appellant's trial counsel was not such as to justify a ruling that he did not have effective assistance of counsel. The problem was one which, when presented to a trial lawyer in the swift movement of trial,

must be determined by his best judgment. No criticism can attach to counsel for the choice he made.

Appellant having proceeded with the trial without objection, he cannot now ask for reversal when the original trial went against him. The ends of justice are not promoted by allowing parties to lie by and not make objections, taking a chance on acquittal, and then to use an alleged error known at the trial as ground for reversal. See Fed.R.Crim.P. 30, 18 U.S.C.A.

Present counsel, court appointed, vigorously pressed upon us the points we have described. We have carefully considered them but find no reversible error. We are reinforced in our decision to affirm this case by the fact that the evidence of appellant's guilt was overwhelming, and no error is even suggested in other rulings of the trial judge or in his conduct of the trial.

Affirmed.