Edward H. **HENSLEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15434.

United States Court of Appeals District of Columbia Circuit.

Argued April 14, 1960.

Decided June 10, 1960.

Petition for Rehearing en Banc Denied Sept. 12, 1960.

Mr. James F. O'Donnell, Washington, D. C., for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before Mr. Justice REED, retired,* and EDGERTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On December 24, 1959, we allowed an appeal from a judgment of the Municipal Court of Appeals which affirmed appellant's conviction for simple assault but remanded the case for further proceedings.[1]

At his arraignment in the Municipal Court, appellant entered a plea of not guilty and asked for a jury trial. One month later, on May 18, 1959, the case came on for trial, appellant being represented by retained counsel. After the completion of the voir dire examination, appellant's attorney approached the

---

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

[1]. Hensley v. United States, D.C.Mun.App. 1959, 155 A.2d 77.

bench and informed the presiding judge that the defense desired to waive jury trial. There being no objection by the prosecution, the presiding judge informed the jury, in open court and in the presence of appellant, of the decision of the defense to have trial by the court, and thereupon dismissed the panel. The case was heard forthwith without a jury. At the conclusion of the trial, appellant was found guilty and judgment was entered. On May 27, 1959, appellant's trial counsel withdrew his appearance in the case, and present counsel entered his appearance and immediately moved for a new trial and for arrest of judgment. The motion was denied on the same date, and appeal was thereafter taken to the Municipal Court of Appeals for the District of Columbia.

The Municipal Court of Appeals affirmed appellant's conviction for simple assault but remanded the case for resentencing, on the ground that the trial judge imposed sentence without first giving appellant "an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment," as required by Criminal Rule 20(a) of the trial court.[2] This appeal followed.

At the argument of the appeal to this court, appellant stressed two grounds for reversal, namely, (1) that he was improperly deprived of a fair trial by jury, without legal and intelligent waiver of the same, and (2) that he was denied effective assistance of counsel at trial as guaranteed by the Constitution.

I. Was Accused Improperly Deprived of a Fair Trial by Jury without Legal and Intelligent Waiver of Same?

In essence, the basis for this contention is that defense counsel's waiver of trial by jury at the bench conference violated both appellant's constitutional right to trial by jury and his rights under § 11–616, D.C.Code.[3] No decision in this jurisdiction has required that the accused *personally* announce such waiver. In general, the relation of attorney and client is one of agency and the general rules of law applicable to agencies apply.[4] Hence, the accused ordinarily speaks and acts through his attorney.

A case directly in point is that of Commonwealth v. Dailey & another, 12 Cush. Mass. 80. That too was an assault case and, after the trial commenced and evidence was given to the jury, one of the jurors sworn was withdrawn at his request, by consent of defendants' counsel, of the District Attorney and of the court, on account of the dangerous sickness of his father. A verdict was returned by the remaining eleven jurors. The defendants were present in court at the

---

2. This rule is identical to Fed.R.Crim.P. 32(a), 18 U.S.C. The ruling of the Municipal Court of Appeals is in accordance with the rulings of this court in Couch v. United States, 1956, 98 U.S.App. D.C. 292, 235 F.2d 519, 521, and in Gadsden v. United States, 1955, 96 U.S. App.D.C. 162, 223 F.2d 627. In Couch we held that under Fed.R.Crim.P. 32(a) it was established as essential that a sentencing judge give a convicted defendant an opportunity to make a personal statement in his own behalf even if counsel had spoken for him. We pointed out that there is always "the possibility that the accused may be able to supply information on his own account."

3. This section provides in material part that "in all prosecutions within the jurisdiction of [the Municipal] court in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury, unless the accused shall in open court expressly waive such trial by jury and request to be tried by the judge. * * *" Criminal Rule 14 I.(d) of the Municipal Court provides: "After a case has been set by the court for trial by jury, if the accused desires to withdraw his demand for trial by jury and have a trial by the judge, such accused shall, in open court, request permission of the jury judge to withdraw his demand for trial by jury, and, if such request is granted, the jury judge shall certify said case for trial to the judge holding the branch of the court in which said jury trial was demanded."

4. Rothman v. Wilson, 9 Cir., 1941, 121 F.2d 1000. See also 7 C.J.S. Attorney and Client § 67.

time but said nothing. Nor did their counsel consult with them but, after verdict, he filed a motion in arrest of judgment, which the presiding judge overruled. On appeal, the verdict was affirmed in an opinion by Chief Justice Shaw. The court said:

> "A prisoner who defends by counsel, and silently acquiesces in what they agree to, is bound in the same manner as any other principal by the act of his agent." 12 Cushing at page 83.

■ It is obvious that the word "accused," or its synonym "defendant," is often used to apply to a defendant *or* his counsel. Thus, while throughout the Federal Rules of Criminal Procedure [5] the word "defendant" is generally used, it is quite apparent that in most instances, when the accused has counsel, the latter rather than the former is the proper person to take the action required thereunder. So it is with certain provisions of the District of Columbia Code, Title 23, Criminal Procedure, e.g. § 107, number of challenges available to defendant, § 111, defendant may apply in writing for depositions, etc.

■ In the instant case, the facts warrant a finding that, if appellant did not initiate the waiver of trial by jury, he did, by his conduct at least, ratify the waiver immediately upon its being made, and thus made the waiver his personal act.

Immediately upon being informed of the decision to waive trial by jury, the trial judge, in open court, informed the jury of this fact. Appellant raised no objection. Defense counsel then stated to appellant, according to appellant's own affidavit: "You don't need a jury. You have nothing to worry about, this case will be over in a few minutes." Again appellant raised no objection to the waiver. At this juncture, after public announcement of the waiver in open court and the statements by defense counsel, sufficient time had elapsed to negate any surprise on the part of appellant. Thus he was duty bound at that time to make known to the court his repudiation of the waiver, if that was his intention. Significantly, his affidavit in arrest of judgment nowhere indicates that he protested his attorney's action, either to his attorney or to the court. He was apparently content to take his chances, and he cannot now be heard to complain after receiving an unfavorable finding.

In the case of United States ex rel. Darcy v. Handy, 3 Cir., 1953, 203 F.2d 407, defendant's petition for habeas corpus alleged among other things that he was not permitted by his counsel to testify in his own defense, that his counsel did not produce any witnesses as to his background, personal history, mental condition, prior good behavior, character or reputation, although such evidence was available and would have assisted him, that his counsel failed to have him examined by a psychiatrist, whose testimony, if such an examination had been made, would also have been helpful to him, and that the failure of his counsel in these respects denied him a fair and impartial trial, in violation of the Fourteenth Amendment. In its opinion, the court stated:

> "[T]he acts of counsel [become] those of his client and as such [are] so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them." 203 F.2d at page 426.

Finally, an examination of the record as a whole, coupled with the fact that appellant was not unfamiliar with criminal procedure and had had the experience of two prior jury trials,[6] leads one to the necessary conclusion that the

---

5. See specifically Rules 5(c), 7(d), 15(d), 16, 17(b), 21(a), 21(b), 28, 29(a), 37(a)(2).

6. These trials resulted in his acquittal. He had previously forfeited collateral for five minor offenses. These trials and forfeitures are cited only to indicate his familiarity with criminal procedure.

waiver here in question was intelligently [7] and intentionally made by appellant. Cf. Pollard v. United States, 352 U.S. 354, 362, 77 S.Ct. 481, 1 L.Ed.2d 393.

Summarizing, it seems to us that the dismissal of the jury in the presence of appellant fully complied with the rule as to waiver of jury trial. Since counsel was acting for him and he was present when the judge dismissed the jury, and since appellant made no objection, we construe his lack of action at that time to be an express waiver in accordance with the statute.

## II.  Was Appellant Denied Effective Assistance of Counsel?

■ The principal basis for this contention is the premise that counsel failed to consult with appellant regarding the waiver and, as well, failed to call appellant's wife as a witness. In this connection, the Municipal Court of Appeals aptly said:

"We have studied the record in the light of these allegations and contentions. In the management and conduct of the defense counsel was confronted with situations requiring judgment, thought and tactical decisions. Even with the wisdom of hindsight it cannot be said with assurance whether the decisions and strategy of counsel were wise or unwise. But they were not such as to justify a ruling by us that defendant did not have effective assistance of counsel and is entitled to have a second trial of his case [Citing cases.]" 155 A.2d at page 79.

In United States ex rel. Darcy v. Handy, supra, when faced with a similar contention, the court stated:

"A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence

or lack of skill of that counsel." 203 F.2d at page 426.

Appropos also is United States ex rel. Weber v. Ragen, 7 Cir., 1949, 176 F.2d 579, where the following language appears:

"As to the requirement under the Fourteenth Amendment, the services of counsel meet the requirements of the due process clause when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible. We know that some good lawyer gets beat in every law suit. He made some mistakes. The printed opinions that line the walls in our offices bear mute testimony to that fact. His client is entitled to a fair trial, not a perfect one." 176 F.2d at page 586.

The judgment of the Municipal Court of Appeals will be affirmed.

Affirmed.

EDGERTON, Circuit Judge (dissenting).

The statute quoted in the court's third footnote provides that in prosecutions in which the Constitution entitles the accused to a jury trial, "the trial shall be by jury, unless the accused shall in open court expressly waive such trial by jury and request to be tried by the judge * * *." The opinion of the court says: "Since counsel was acting for him and he was present when the judge dismissed the jury, and since appellant made no objection, we construe his lack of action at that time to be an express waiver in accordance with the statute." This seems to me erroneous in fact and in law.

I think it an error of fact to infer from appellant's lack of action that he was willing to be tried by a judge. I see no

7. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

sufficient reason to think he knew he was at liberty to repudiate what his counsel had done; or that he knew he was at liberty to speak up in open court without being invited to speak. For all we know, he may even have thought he would be punished for contempt if he spoke up. And the question whether he was at liberty to repudiate his counsel's action, or to volunteer a statement of his own wishes, may not even have occurred to him. Accordingly I see no evidence that he consciously and intelligently intended to waive trial by jury. Waiver involves "voluntary knowing relinquishment of a right." Green v. United States, 355 U.S. 184, 191, 78 S.Ct. 221, 226, 2 L.E.2d 199.

I think it an error of law to hold that if he so intended, he showed it in the way the statute requires. I think "the accused" did not, as the statute requires, "in open court expressly waive such trial by jury and request to be tried by the judge." Within constitutional and statutory limits, the accused is bound by his counsel's acts. But it does not follow that the statutory term "expressly" includes "impliedly", and it does not follow that the statutory term "the accused" includes someone else. Nor do I think a statement not heard, and not meant to be heard, throughout the room is made "in open court".

Rule 32(a) of the Federal Rules of Criminal Procedure provides that "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." In Gadsden v. United States, we held that "this provision imposes upon the sentencing court the affirmative duty to ask the accused whether he desires to make a statement." 96 U.S.App.D.C. 162, 167, 223 F.2d 627, 632. The context makes it clear that we interpreted the statutory term "the defendant" to mean the defendant himself, not the defendant or his counsel. I see no good reason for giving a broader interpretation to the statutory term "the accused".

We are dealing in the present case with the fundamental constitutional right of trial by jury. "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' " Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.