**John BELL, Jr., Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4991.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1969.

Decided Jan. 15, 1970.

Richard H. Speidel, Washington, D.C., appointed by this court, for appellant.

John Ellsworth Stein, Asst. U.S. Atty., with whom Thomas A. Flannery, U.S. Atty., John A. Terry and John F. Evans, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM.

Appellant was convicted of petit larceny [1] and assault [2] in a trial without a jury. His sole contention on this appeal is that the failure of his trial counsel (not his counsel on this appeal) to call witnesses to corroborate his testimony was a denial of effective assistance of counsel.

In closing argument trial counsel made this statement:

> Mr. Evans [the prosecuting attorney] is most polite to both sides, when he made the euphemism is credibility. And in that regard, of course, it is for me to bring witnesses. This could be an omission on the part of counsel, rather than a missing witness type of argument as apply to the defendant.

Appellant argues that the above statement was an admission by counsel of his ineffectiveness in representing appellant by failing to call witnesses to corroborate his testimony.

■ Appellant has a heavy burden to establish a claim of ineffective assistance of counsel.[3] Improvident strategy or bad tactics do not necessarily amount to ineffective assistance of counsel unless appellant was deprived of a fair trial.[4] The decision to call or not to call witnesses on behalf of a defendant is part of the strategy utilized by counsel in the preparation of the defense. It is a question of judgment,[5] and this court will not engage in a subjective determination of the wisdom of counsel's strategy.

■ If the remarks of defense counsel are correctly reported in the transcript, they appear to be nothing more than an attempt by counsel to avoid the use of the "missing witness" rule against his client. It may be noted that the missing witnesses were not witnesses to the alleged crime and at most would have corroborated some of appellant's testimony regarding his prior relations with the complaining witness. On the record before us we cannot say that appellant was denied the effective assistance of counsel.

Affirmed.

3. Harried v. United States, 128 U.S.App. D.C. 330, 389 F.2d 281 (1967); Tuttle v. United States, D.C.App., 238 A.2d 590 (1968).

4. Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707 (1958).

5. Bolden v. United States, 105 U.S.App. D.C. 259, 266 F.2d 460 (1959); Hensley v. United States, D.C.Mun.App., 155 A.2d 77 (1959), aff'd, 108 U.S.App.D.C. 242, 281 F.2d 605 (1960).