Stacey ABNEY, Appellant,

v.

UNITED STATES, Appellee.

No. 81–1488.

District of Columbia Court of Appeals.

Argued Nov. 23, 1982.

Decided July 14, 1983.

Thomas B. Shull, Washington, D.C., appointed by the Court, for appellant.

Robert B. Lyon, Jr., Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and Bertrand S. Thomas, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEBEKER and MACK, Associate Judges, and GARDNER, Associate Judge, Superior Court of the District of Columbia.*

NEBEKER, Associate Judge:

█ Appellant was convicted of unlawful entry of the United States Capitol Grounds in violation of D.C.Code § 22–3102 (1981). On appeal, he claims error in the trial court's assertedly inadequate inquiry into whether appellant knowingly and intelligently waived his right to counsel, and in

* Sitting by designation pursuant to D.C.Code   § 11–707(a) (1981).

the prosecutor's closing argument.[1] We affirm.

# I

Pertinent to the disposition of this appeal, appellant claims that the trial court engaged in an inadequate colloquy with appellant concerning his insistence upon waiving his right to counsel.[2] In *Hsu v. United States,* 392 A.2d 972 (D.C.1978), we held that "except for the unusual case, the conviction of a pro se criminal defendant will be vulnerable to reversal unless the trial court has followed a script covering the areas of concern noted by Justice Black" in *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).[3] This requires "an on-the-record colloquy between the prospective pro se criminal defendant and the court ... in order to '[give] an appellate court confidence that the pro se defendant knew the possible adverse consequences of his or her decision and conscious-

---

1. Appellant also claims error in the trial court's failure to declare a mistrial after approximately three and one half hours of deliberation. Despite the juror's notes to the court concerning the existence of a deadlock, and various repetitions of jury instructions, we think that in light of the relatively brief deliberation time, the *Winters* (*Winters v. United States,* 317 A.2d 530 (D.C.1974)) instruction did not amount to undue coercion of a verdict. Appellant's counsel at trial made no objection.

2. The colloquy went as follows:
   [DEFENSE COUNSEL]: Your Honor, there is a preliminary matter. Mr. Abney, I spoke to him twice since he was arraigned. He has informed me in no uncertain terms that he wishes to proceed pro se from this point on, and—
   THE COURT: You do not wish to have representation, Mr. Abney?
   THE DEFENDANT: I don't want any. I don't need—I don't want any.
   THE COURT: You are charged with receiving stolen goods.
   THE DEPUTY CLERK: That's wrong on the computer.
   THE COURT: It's an unlawful entry charge; was that just an error?
   THE DEPUTY CLERK: Yes.
   THE COURT: Correct the computer, please. Has a jury demand been entered in the case?
   [DEFENSE COUNSEL]: There should have been.
   THE COURT: Or does he want to go pro se with or without a jury?
   [DEFENSE COUNSEL]: With a jury, Your Honor, as I understand.
   THE COURT: I want standby counsel. He can represent himself under the Supreme Court decision, but the Court will insist on having standby counsel, not only to assist him but to assist the Court in an orderly and efficient trial.
   I will set it down for trial.
   [DEFENSE COUNSEL]: Your Honor, there is a trial date of the 29th.
   THE COURT: October?

   [DEFENSE COUNSEL]: Yes, sir.
   THE COURT: All right. Trial date will remain.
   Will the Government be ready to proceed at that time?
   [PROSECUTOR]: We will, Your Honor.
   THE COURT: Any other preliminary matters?
   You are representing yourself, Mr. Abney?
   THE DEFENDANT: I just said I don't want no lawyer. I don't need no lawyer.
   THE COURT: You will be permitted to represent yourself.
   THE DEFENDANT: I have nothing to represent. I have broken no rule.
   THE COURT: You are being charged with this.
   THE DEFENDANT: I have been evicted before; I can be evicted again. I am used to this.
   THE COURT: I don't know anything about the facts either. The charge has been brought, and if you won't accept counsel, the Court will require that standby counsel be present in court to answer any questions you have, also to assist the Court in proceeding in an orderly way. And October 29th has been set for a jury trial.
   *See* Tr. 3–5 (Oct. 6, 1981).

3. Justice Black's precise requirements for the waiver colloquy were that:
   To be valid such waiver [of counsel] must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances....
   *Von Moltke v. Gillies, supra,* 332 U.S. at 724, 68 S.Ct. at 323 (plurality opinion).

ly accepted the risk.'" *Fowler v. United States,* 411 A.2d 618, 623 (1980); *Hsu v. United States, supra,* 392 A.2d at 984. *See Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (waiver required to be "intelligent and competent").

■ We are not aware of any court which has required a precise litany of questions addressed to the concerns of Justice Black in *Von Moltke, supra. Cf. Spanbauer v. Burke,* 374 F.2d 67, 71–73 (7th Cir.1966), *cert. denied,* 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127 (1967). Further, we are disinclined to hold that the failure to ask certain questions will be *per se* fatal to the entire inquiry. We do, however, view the trial court's colloquy with appellant as inadequate. Nevertheless, we must look to the whole record before us plus knowable facts respecting appellant to ascertain whether he was able to make an informed waiver of counsel. *Cf. United States v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (reviewing court must assess the entire record to determine if acknowledged error is in fact harmless beyond a reasonable doubt).

We have held that the above-styled inquiry is not necessary in limited circumstances where there is "a compelling case of circumstantial evidence that the pro se defendant knew what he or she was doing." *Fowler v. United States, supra,* 411 A.2d at 623. Indeed, the specific factual background of a given case may warrant a less extensive waiver inquiry. *Id.; Hsu v. United States, supra,* 392 A.2d at 983. *See United States v. Rosenthal,* 470 F.2d 837 (2d Cir.1972), *cert. denied,* 412 U.S. 909, 93 S.Ct. 2298, 36 L.Ed.2d 975 (1973). We hold that such a case is presented here.

---

4. We are quite sensitive to the dilemma faced by the trial judge in these circumstances. The competing considerations, in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (the right to self-representation) and in *Johnson v. Zerbst, supra,* (assurance of knowing and intelligent waiver), present unique

II

In *Fowler, supra,* we found a valid waiver of counsel in the absence of an extended inquiry, where appellant was (1) represented and advised by counsel prior to the waiver decision; (2) aware of the seriousness of the charges against him; (3) conscious of the advantages and responsibilities of legal representation; and (4) knowledgeable about criminal law. *Id.* at 623. We do not, however, suggest that these factors form the precise formula for any determination that a compelling case of circumstantial evidence exists or does not exist. *Hsu, supra,* 392 A.2d at 983. Instead, we look to the facts of the individual case to determine the adequacy of a waiver inquiry. In the case at bar, we note that appellant was not only represented by counsel prior to his waiver decision, but he also knew that standby counsel would be appointed. The inadequacy of the waiver inquiry cannot be said to have impacted negatively on appellant's ultimate decision to proceed pro se. In fact, the court's determination to require standby counsel would appear to have enhanced the decision to waive counsel.[4] It follows that standby counsel's active participation in the trial did not deny appellant's right to proceed pro se. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). So long as the advisory attorney does not interfere with or inhibit the accused in his assertion of the right, there is no violation of *Faretta. See United States v. Taylor,* 569 F.2d 448 (7th Cir.1977), *cert. denied,* 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978). *See also United States v. Dougherty,* 154 U.S.App.D.C. 76, 473 F.2d 1113 (1972). As noted, we find that standby counsel's participation enhanced appellant's representation, far from inhibiting it.

■ Secondly, appellant is not a novice in the legal arena. Our research reveals at

---

problems. No doubt the use of standby counsel is often a valuable tool in balancing these competing concerns, and at the same time protecting the defendant's Sixth Amendment right to counsel. *Faretta v. California, supra,* 422 U.S. at 835 n. 46, 95 S.Ct. at 2541 n. 46.

least seven additional appeals in this court.[5] We take judicial notice that his involvement with the Superior Court has been even more extensive. Further, it is significant that all of these cases have evolved out of appellant's attempts at protesting denial of certain veteran's benefits. Appellant has literally taken his protest to the steps of Congress, and there has often run afoul of various laws. *See Abney v. United States,* 451 A.2d 78 (D.C.1982). *Cf. United States v. Abney,* 175 U.S.App.D.C. 247, 534 F.2d 984 (1976) (violation of Park Service regulations prohibiting overnight sleeping). We need not find that appellant is a polished advocate, but neither is he a naive participant in his own defense. He acknowledged as much in his brief colloquy with the trial judge:

THE COURT: Any other preliminary matters?

You are representing yourself, Mr. Abney?

THE DEFENDANT: I just said I don't want no lawyer. I don't need no lawyer.

THE COURT: You will be permitted to represent yourself.

THE DEFENDANT: I have nothing to represent. I haven't broken no rule.

THE COURT: You are being charged with this.

THE DEFENDANT: *I have been evicted before; I can be evicted again. I am used to this.* [Emphasis added.]

Appellant's reference to his repeated evictions from the Capitol steps, and his subsequent appearances in court, reinforces our holding that appellant knowingly and intel-ligently waived his right to counsel. *Johnson v. Zerbst, supra.*

We note at this point, in light of the ideal inquiry outlined in *Von Moltke,*[6] that appellant was certainly aware of the nature of the charges he faced and possible punishments therefor. He had seen both before. *Abney v. United States, supra.*[7] Appellant simply by reliance upon an inconsequential defect cannot undo the substantial justice rendered by the trial court.[8] *Cf. Hensley v. United States,* 108 U.S.App.D.C. 242, 245–46, 281 F.2d 605, 608–09 (1960).

Indeed our review of the "factual background" of this case does provide "a compelling case of circumstantial evidence" that appellant knew what he was doing. *Fowler, supra,* 411 A.2d at 623. The appointment and subsequent actions of standby counsel, the simplicity of the case, and appellant's familiarity with the courts in precisely this kind of legal proceeding compel the conclusion that appellant was able to make an informed decision to waive his right to counsel. *See United States ex rel. Konigsberg v. Vincent,* 526 F.2d 131, 133–34 (2d Cir.1975); *accord United States v. Rosenthal, supra.*

Appellant also argues that reversal is required because of closing argument by the prosecutor which he maintains contained personal views and an impermissible emotional plea. He argues also that his position is fortified by an absence of a cautionary instruction. We find no error.

The pertinent portions of the prosecutor's arguments at issue are as follows:

One of the questions that I asked you, if you recall, was whether or not you could, you could decide this case based on the evidence, the testimony that was present-

---

**5.** We have found the following: Appeal Nos. 79–561, 80–1282, and 80–1287 were consolidated in *Abney v. United States,* 451 A.2d 78 (1982). No. 81–110 was recently affirmed by Memorandum Opinion and Judgment, *Abney v. District of Columbia,* (April 15, 1983). No. 82–640 is pending. In No. 13562, the appeal was dismissed by order of October 18, 1978. In No. 13981, the appeal was dismissed by order of October 31, 1978.

**6.** *See* note 3, *supra.*

**7.** We also see that in *United States v. Abney,* 175 U.S.App.D.C. 247, 534 F.2d 984 (1976), the court found that in addition to the action brought in that case dealing with an analogous Park Service regulation, appellant had been arrested at least 11 other times for violation of the same law.

**8.** *See* note 5, *supra.*

ed before you during the course of this trial. Now, no one, no one here is going to ask you to, when you walk back into that deliberation room, to chuck off all your human experiences and your heartfelt sense of humanity. But what I'm going to ask you to do is to understand that you can't let your sympathy get the best of you. There is a narrow issue put before you and that issue is whether or not Mr. Abney acted in violation of the law. (Tr. 84–85.)

\* \* \* \* \* \*

I take no position as to Mr. Abney's grievances or Mr. Abney's ailments. I don't deny that he suffers from the diseases and ailments that he says that he does. I don't deny that he, that the Veterans Administration owes him money. (Tr. 85.)

\* \* \* \* \* \*

You, you notice that I pause and hesitate because this is a very unfortunate case. It is patterned about the sympathy for Mr. Abney—(Tr. 87.)

The essence of appellant's argument is that the prosecutor improperly gave his personal opinion on the merits of appellant's defense. Finding the prosecutor's comments appropriate under the circumstances, we disagree.

It must be remembered that the prosecutor was not faced with disproving a particular defense, but instead, had to overcome appellant's pleas for sympathy. The response to what in effect amounted to a veiled plea for jury nullification was fair and necessary. *Cf. United States v. Lewis,* 226 U.S.App.D.C. 236, 701 F.2d 972 (1983) (prosecutor eliciting actual reason for arrest not error where, in its absence, police behavior might appear too harsh thereby moving jury to nullification of factually supported charges).

*Affirmed.*

MACK, Associate Judge, dissenting:

I respectfully dissent. *See Hsu v. United States,* 392 A.2d 972 (D.C.1978). *See also*

*United States v. Bailey,* 219 U.S.App.D.C. 67, 675 F.2d 1292, *cert. denied,* —— U.S. ——, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982).